JOSEPH TUFFREE, Appellee, v. JOHN Q. SAINT, Appellant.

**Documentary evidence:** ADMISSIBILITY. A memorandum, kept by a
1 party in a book for that purpose, showing the terms of a contract and made in the presence of the adverse party, read over to him and acquiesced in by him is admissible in evidence for the purpose of showing the agreement, over the objection that it is not competent because not signed by the adverse party, and not a memorandum used to refresh the memory of the witness.

**Brokers:** RECOVERY OF COMMISSION : EVIDENCE : INSTRUCTION. A real
2 .estate agent seeking to recover commission under an alleged contract providing for the same, on condition that he urge a certain person to purchase the property, need not show that his urging such party was an inducement or the procuring cause of a sale, but he may recover on proof that he urged such person to buy and that he purchased the property.

**Same:** INSTRUCTION : WHEN NON-PREJUDICIAL. An instruction which
3 requires of the successful party a stronger showing than is necessary for his recovery is not prejudicial to the defeated party.

**Same:** INSTRUCTIONS. Plaintiff's version of the commission contract
4 in the instant case was that defendant agreed to pay a commis-

sion if plaintiff would see a certain person and urge him to buy the property, and that he saw and urged such person, who purchased the same. The defendant's version of the agreement was that the plaintiff should induce such person to purchase, and under either version of the contract the evidence justified a finding for plaintiff. *Held,* that an instruction requiring plaintiff to show that he had a contract with defendant requiring him to urge such person to purchase the property, and that if he failed to do so he could not recover, was not in conflict with another instruction regarding defendant's claim that plaintiff should induce a sale, so as to justify a reversal of the judgment for plaintiff.

*Appeal from Marshall District Court.*—HON. J. M. PARKER, Judge.

THURSDAY, MAY 12, 1910.

ACTION at law to recover a commission for finding a purchaser of defendant's real estate. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*J. M. Whitaker,* for appellant.

*F. L. Meeker* and *Burnham & Egermayer,* for appellee.

DEEMER, C. J.—Plaintiff alleged that defendant agreed to pay him a commission of $150 if he would see one Hole and urge him to buy defendant's property, that he did see Hole, urged him to buy, and that he did purchase the property from defendant. Defendant admitted that he agreed to pay plaintiff one-half the regular commission for the sale of the real estate provided he (plaintiff) would see Hole and urge and induce him to purchase the property on or before July 1, 1907. He claims, however, that plaintiff did not induce Hole to buy, and that the sale was not made until after July 1st, the time fixed for

the sale.  On these issues the case was tried, the testimony being in conflict, resulting in a verdict for plaintiff.

I.  Plaintiff was permitted to introduce on the trial of the case a memorandum entered upon his book in which he listed the property left with him for sale, made by his (plaintiff's) daughter at the time when it is claimed the arrangements were made with defendant.  This memo-, randum reads as follows:

```
1907.        J. Q. Saint
May 31 ,     412 N. 4th St.                        60x196
$200         8 rooms, closets, bath, etc.
             22x24 barn, electric light in barn.
             Wood house and chicken house combined.
Sold to
D. E. Hole   All modern · (fine basement)
   '07   ,   $150.00                            $5,400
```

Defendant interposed the following objection thereto: "The defendant objected to the introduction of this paper, as it did not appear to be a contract signed by John Q. Saint, nor is it a memorandum used to refresh the mind of the witness, and for the further reason that it is incompetent, immaterial, and irrelevant."  These objections were overruled, and exception taken.

Plaintiff's daughter testified that she made this entry upon a book kept for that purpose, in defendant's presence, and that after it was made it was read over to defendant, and that he assented thereto.  This made the entry competent testimony.  It may be that the part of it referring to the sale to Hole should not have been admitted because it must have been entered after it had been read to defendant; but no objection was made on this ground.  There was no error in admitting the entry in evidence.

II.  The trial court gave the jury the following, among other, instructions:

(4) In order to plaintiff's recovery in this action it is incumbent upon him to establish by a preponderance of the evidence the following material allegations of his petition, to wit: First. That the defendant listed with the plaintiff for sale, or to find a purchaser, the real estate named in the petition. Second. That it was orally agreed between these parties that the plaintiff should see one Hole and urge that said Hole to purchase defendant's property upon such terms and conditions as defendant and said Hole could agree. Third. That the plaintiff did so urge said Hole to purchase defendant's property in issue, and the said Hole did purchase the same accordingly upon the terms and conditions agreed upon by him and the defendant, Saint. Fourth. That the plaintiff was to have and receive for his services in bringing about the sale to said Hole the sum of $150.

(6) If you find by a preponderance of the evidence that the plaintiff, Tuffree, had an oral contract with the defendant, Saint, substantially as follows, to wit, that the plaintiff would see Hole and urge him to purchase said property upon terms and conditions satisfactory to Saint and Hole, and Hole did so purchase of Saint, then in that case the plaintiff was to have as commission for his services $150, and you further find that in pursuance to this agreement the plaintiff saw said Hole, urged him to buy the property in issue, and Hole did buy it of said Saint upon the terms agreed upon between Saint and Hole, then the plaintiff would be entitled to recover in this action $150, with interest at six percent from June 9, 1907.

(7) You are instructed that, although you may find that the plaintiff, Tuffree, had the contract with said Saint that he claims to have had, yet if you further find that plaintiff, Tuffree, did not induce the said D. E. Hole to purchase Saint's property, and that said Hole purchased the same independently of anything that Tuffree did or said and without regard thereof, the plaintiff can not recover in this action.

(8) You are instructed that if you find from the evidence that the sale and transfer of the property in question from Saint to said D. E. Hole was not induced or brought about by the efforts of the plaintiff, Tuffree,

for the reason that Tuffree did not urge Hole to buy, then he can not recover in this action.

(9) The plaintiff's right to recover in this action depends upon the performance on his part of the contract he says he had with the defendant Saint, and his part was to urge the said D. E. Hole to purchase Saint's property upon the terms and conditions to be agreed upon by Saint and the purchaser Hole. If you find from the evidence that the plaintiff Tuffree, had no such contract with Saint, then he can not recover in this action.

(10) If you find by the evidence as claimed by the defendant that, in case the said plaintiff should induce the said Hole to purchase the said premises, the plaintiff should receive but one-half of the regular commission, your verdict should be for the plaintiff for one-half of the regular commission; that is, should you find the plaintiff entitled to recover under the contract as claimed by the defendant, and not under the contract as claimed by the plaintiff.

The complaint made of these instructions is in the indiscriminate use of the words "urge" and "induce." That there is a difference in these terms is clear; but, as plaintiff claimed that his contract provided a commission for urging Hole to purchase the property, he was not required to show that this urging was an inducement or the procuring cause of the sale. Two instructions, Nos. seven and eight, required a showing on the part of plaintiff that his part in the transaction induced the sale to Hole; but this was not prejudicial to defendant, for it required of plaintiff a stronger showing than was necessary.

Instruction nine told the jury that plaintiff was required to show that he had a contract with defendant whereby he (plaintiff) was to urge Hole to purchase the property, and that if he failed to do so he could not recover. Instruction ten refers to defendant's claim as to the nature of the contract, which was that plaintiff should induce the sale. There was, as we think, no such

conflict in the instructions as would justify a reversal. If the contract was as plaintiff claims, he was not required to show that what he did induced the sale. If the contract was as defendant contends, then doubtless it was necessary to show that what plaintiff did was the procuring, or one of the procuring, causes of the sale. The court instructed that, if plaintiff had failed to make out the contract as claimed by him, he could not recover, and, in addition, it was stated that, even if he had made out such a contract, it was necessary to show that what he did induced the sale. In this there was no error prejudicial to defendant. Even if there be a coniflct, as the jury was justified, under either theory, in finding for plaintiff, defendant can not complain.

There is no claim that any of the instructions announces an incorrect rule of law as an abstract proposition, nor is there any contention made that the verdict is without support in the testimony.

No prejudicial error appears, and the judgment must be, and it is, *affirmed*.