[Sac. No. 2169. Department Two.—March 25, 1915.]

W. R. GODFREY, Respondent, v. C. B. WISNER, Defendant and Appellant; FIGMOND COMPANY (a Corporation), Defendant.

AGENT TO SELL REAL ESTATE—PAROL CONTRACT OF EMPLOYMENT—SALE OF PRINCIPAL'S LAND—CONCEALMENT OF REAL OWNERSHIP—RIGHT TO COMMISSIONS.—A person employed under an oral contract to act as agent for his employer in making sales of land belonging to third persons, is entitled to recover his stipulated commissions for effecting a sale of land actually belonging to his principal, if the title thereto stood in the name of a stranger, and the agent did not know or was not advised of the real ownership.

ID.—STATUTE OF FRAUDS—ESTOPPEL TO ASSERT INVALIDITY OF CONTRACT. Under such circumstances, the employer, by his deliberate omission or unintentional neglect to advise the agent that he was the owner of the land, is estopped to claim that the contract, resting as it did in parol, was void under the statute of frauds, so far as it applied to sales of his own land.

APPEAL from a judgment of the Superior Court of Merced County and from an order refusing a new trial. E. N. Rector, Judge.

The facts are stated in the opinion of the court.

Thomas C. Job, and Irving M. Walker, for Appellant.

Henry Brickley, and J. J. Griffin, for Respondent.

HENSHAW, J.—By this action plaintiff sought to recover from defendant Wisner compensation by way of commissions for his services in the matter of the selling of certain lands. The appeal is from the judgment and from the order denying defendant's motion for a new trial. The principal argument goes to the asserted insufficiency of the evidence to sustain the decision. The complaint charged that defendant was engaged in the business of buying and selling land belonging to persons other than defendant on a commmission basis; that plaintiff was employed to act for and as the agent of defendant, and that under such contract of employment defendant was to pay plaintiff for all sales made through plaintiff or with his aid and assistance a compensation equal

to two and one-half per cent of the price of the land sold; that in March, 1913, plaintiff aided and assisted defendant in the sale of four thousand two hundred acres of land at twenty dollars an acre, and that defendant thereby became indebted to plaintiff in the sum of two thousand one hundred dollars. Plaintiff's testimony was to the effect that in October, 1911, his business relationship with defendant began. Defendant had conveyed a tract of land known as "the East Side Tract" to a corporation known as the "Figmond Company," in which corporation defendant was a stockholder, and was actually or apparently the selling agent of the Figmond Company for these lands. Defendant's place of business was in Los Angeles. This land was situated near Merced. The contract between plaintiff and defendant was oral, defendant agreeing to pay plaintiff ten per cent commission upon any sale of land which was effectuated solely through his own endeavors. In other words, upon any sale of land in which plaintiff secured the purchaser and brought about the sale; that in all other sales of land in which he aided or assisted defendant he was to receive two and one-half per cent commission upon the selling price. This relationship continued, defendant and the Figmond Company in which he was interested, either or both, establishing plaintiff in a real estate office in Merced, plaintiff receiving no salary, but defendant paying him a commission upon the sales of land in which he assisted. Subsequently it appears that defendant Wisner bought another tract of land known as "the West Side Land." It is over the sale of this land that the controversy has arisen. The facts appear to be that the acquisition of this land was a private venture of defendant; that he had an option to purchase it, or an executory contract to purchase it, that he did purchase it, and thereafter, needing money, mortgaged it to one Howard C. Bonsall. Substantially all of the argument upon this appeal is directed to the proposition that defendant was the real owner of the property, that Bonsall was but the mortgagee of it, that plaintiff knew these facts, and that plaintiff's employment therefore by defendant to aid the defendant—the owner—in selling his own real estate was a contract within the statute of frauds, and resting in parol, as admittedly the contract between these parties does, was void and unen-

forceable. But as against this, plaintiff successfully established before the jury that the deed to Bonsall was in form a deed absolute, conveying no notice that Bonsall was but a mortgagee; that he did not in fact know that Bonsall was but a mortgagee; that he had aided in the selling of certain small pieces from this large tract while title so stood in Bonsall, and had received his commissions from defendant therefor, and that at the time the sale of the whole tract was effected title still stood in Bonsall and he, plaintiff, aided in the sale at the direct and written request of defendant. It is unnecessary to review in detail the evidence in support of the statements above given. Upon certain matters there was, in truth, a conflict. Thus, defendant insists that Godfrey was present at the negotiations with Bonsall and others leading up to the execution of the mortgage in the form of a deed and knew the fact that it was but a mortgage and that Wisner remained the real owner of the property. Plaintiff denies this and asserts, his statements being corroborated, that he went out to inspect the land with all the parties to this negotiation, but that when he came back, after they had dined together, he went to his home, the others saying that they desired to continue their negotiations in privacy; that he was not present, therefore, when the determination was reached and that he was never thereafter informed that Bonsall's deed was but a mortgage. Plaintiff's rights herein are not governed by the fact that defendant was the real owner. They are governed by the knowledge which plaintiff had or with which he was chargeable. Plaintiffs testimony is that he did not know, and was not advised, that defendant was the actual owner. Upon the record, Bonsall was the owner. Defendant, under familiar principles of estoppel *in pais*, may not avail himself of his own deliberate omission, or even his unintentional neglect, to advise plaintiff of a fact vital to the legality of the contract into which they had entered. (Code Civ. Proc., sec. 1962, subd. 3.)

Furthermore, the evidence abundantly establishes that the relationship and contract between the parties was as plaintiff testified, and while it is true that at the time of this oral employment only the East Side lands were in direct contemplation of the parties, since they were the only lands in which defendant was at that time interested, no doubt can be enter-

tained, but that after the acquisition of the West Side lands the relationship of the parties continued under the same understanding. Plaintiff, as has been said, was paid a commission by defendant for the sale of certain of these lands, and defendant freely made demand upon plaintiff's time in the matter of negotiations and prospective sales of such land. Thus, he wrote to plaintiff touching a visit to be made to the lands by "one Hart and his friends," who subsequently did purchase them, telling him to be on the lookout for them; to post himself concerning the lands and "do your best to show that land up in as favorable a light as possible." All this plaintiff did, conducting the party to the lands, digging holes in the soil to show its depth and the absence of hardpan, and doing everything that a real estate broker usually does to interest a prospective purchaser. Aside from the legal proposition involved in the question of the applicability of the statutes of fraud to the contract between the parties, the real reason of defendant's disinclination to pay the commissions seems to have arisen, by his own testimony, from the fact that he thought the plaintiff did not do anything, or at least enough, to justify his demand for a commission. This proposition also is argued upon the theory that plaintiff was entitled to commissions only when he produced the purchaser and effectuated the sale. Such is not the nature of the contract testified to by plaintiff which, from their verdict, was accepted by the jury. When he did this he was to receive ten per cent commission. When, however, he only assisted to the best of his ability, he was to receive two and one-half per cent commission. The materiality of his assistance, therefore, becomes of no moment, provided he fairly and faithfully did that which he was called upon to do.

The judgment and order appealed from are therefore affirmed.

Lorigan, J., and Melvin, J., concurred.