### PARSONS et al. v. HEENAN.

No. 13297—Opinion Filed Sept. 30, 1924.

Rehearing Denied Nov. 12, 1924.

**1. Appeal and Error—Variance—Presumption of Amendment.**

Where a variance has not been called to the attention of the trial court, the pleading will be deemed to have been amended to conform to the proof.

**2. Brokers—Right to Commission—Instructions.**

The officers and agents of the Coline Oil Company, learning that certain producing oil property belonging to Parsons and George was for sale, went into the county where the property was located for the purpose of inspecting that particular property with a view to buying. Heenan, a real estate broker, learning that the Coline Oil Company desired to buy property in that field, approached Parsons and George and told them that he had a buyer for their property, and Parsons and George then and there entered into an oral agreement with Heenan by the terms of which they agreed to pay him a two and one-half per cent. commission if he would put them in touch with a concern that would buy. Heenan then revealed the name of the prospective purchaser and immediately thereafter introduced Parsons to one of the agents of the Coline Oil Company, who introduced Parsons to the president of the company, who was authorized to buy. As a result of the negotiations then entered into the sale was made. Held, in an action by Heenan to recover the two and one-half per cent. commission, in the absence of evidence tending to show that Heenan had knowledge of the intentions of the officers of the Coline Oil Company, the court did not err in refusing to submit to the jury the question as to whether Heenan was the moving or procuring cause of the sale.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court. Stephens County: Will Linn, Judge.

Action by J. A. Heenan against Ed V. Parsons and Warren F. George. Judgment for plaintiff, and the defendants appeal. Affirmed.

Bridges & Vertrees and Stephens & Cline, for plaintiff in error.

S. W. Hayes, Womack, Brown & Cund. and A. W. Gilliland, for defendants in error.

Opinion by RAY. C. Plaintiff declared upon one express contract and recovered upon another. The contract alleged in the petition was that defendants employed plaintiff to secure a purchaser for certain oil and gas leases and the production thereon, and agreed to pay, as a commission for securing a purchaser, two and one-half per cent. of the purchase price; that he did secure a purchaser who paid defendant $1,000,000 for the property. The contract proved, and upon which recovery was had, was that if the plaintiff would put the defendants in touch with a concern that would buy, they would pay him a commission of two and one-half per cent.

It is contended by the defendants, plaintiffs in error, that there was such a variance between the allegations and the proof as to constitute prejudicial error. This contention was not made in the trial court. While a demurrer was entered to plaintiff's evidence, and a directed verdict requested, the attention of the court was not specifically called to the variance. No objection was made to the introduction of evidence on that ground. The case was tried by both parties, in so far as the record discloses, upon the theory that the proof was responsive to the issues. In such case the question of variance cannot be considered by this court. It is prohibited by section 312, Comp. Stat. 1921. Under that section no variance between the allegations and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice, and when it is alleged that a party has been misled that fact must be proved to the satisfaction of the court. It must also be shown in what respect he has been misled. When that showing has been made the court is authorized to order the pleadings to be amended upon such terms as may be just. Under section 313, where the variance is not material, the amendment may be made without costs.

We think, under these two sections, where the trial court's attention has not been called to the variance, this court is required to treat the pleading as amended to conform to the proof.

By demurrer to the evidence, by request for directed verdict, by requested instructions, and exceptions to the instructions given, defendants contended, and here contend, that it was incumbent upon the plaintiff to prove that he was the moving or procuring cause of the sale. We are unable to reach that conclusion. The contract was to put defendants in touch with a concern that would buy. After the agreement was entered into plaintiff disclosed the name of the concern he proposed to put them in touch with. Plaintiff and Parsons, one of the defendants, who was acting for both, then went to the hotel where Williams, an employe of the Coline Oil Company, who was authorized to negotiate for oil properties and report to the manager, but without authority to buy, was stopping, and introduced him with a statement to each to the effect that the other was the party previously referred to. He then asked them if there was anything further he could do. Upon being told by both of them that there was nothing further for him to do, he left them and had nothing more to do with the transaction. That evening, after Carter, the president and manager of the Coline Oil Company, with sole power to buy for that company, had arrived in town, Williams and Parsons went to Carter's room and Williams introduced Parsons to Carter. Negotiations were then and there entered into which resulted in the sale about one week later. The defendants were entirely satisfied with plaintiff's services at the time the sale was made and told him, and others, that he was entitled to a commission and that it would be paid. But upon learning that Carter had been told by other parties that the property was for sale, and that he had gone from Oklahoma City to Duncan for the purpose of inspecting the property, and that Carter had, about a week before, sent his agents to inspect the property, they denied liability for the commission and refused to pay. In these circumstances it is contended that it was for the jury to say whether or not the plaintiff was the procuring cause of the sale. We think when the plaintiff, without knowledge of the intentions of the officers, agents, and employes of the Coline Oil Company, put the defendants in touch with that company, and the sale was made as the result of the negotiations which they at that time entered into, he had complied with his contract and was entitled to the commission fixed by the contract. It is clear from the terms of the contract, and the conduct of the parties, that it was the intention of the defendants to conduct their own negotiations, and did not intend that the plaintiff should do other than to put them

in touch with that company. While the name of the Coline Oil Company was not revealed to the defendants before the agreement was entered into, it was revealed immediately thereafter, and before the introduction of the defendants to the representatives of the company. In support of their contention, defendants cite the following decisions of this court: Nation v. Harness, 33 Okla. 630, 126 Pac. 799; Wheelan et al. v. Hunt, 37 Okla. 523, 133 Pac. 52; Pitts v. Pitts, 63 Okla. 185, 164 Pac. 105; Yarborough v. Richardson, 38 Okla. 11, 131 Pac. 680; Ludeman v. English, 78 Okla. 177, 189 Pac. 531; Treese v. Shoemaker, 80 Okla. 235, 195 Pac. 766; Coleman v. Moreland, 89 Okla. 128, 213 Pac. 843; McKinney v. Biggs, 96 Okla. 266, 220 Pac. 459.

In all of the cases above cited by defendants recovery was sought, or had, on quantum meruit based upon an implied contract or on an express contract whereby the broker was to secure a purchaser. In such cases this court has uniformly held that it was necessary for the broker to prove that he was the moving or procuring cause of the sale. But in order that men may be free to conduct their own business in their own way, it must be held that they have a right to contract for a service less than securing a purchaser. It is only necessary that a broker comply with his contract to entitle him to his commission. This view of the law is sustained by the following authorities: Taffree v. Saint, 147 Iowa, 361, 126 N. W. 373; Godfrey v. Wisner, 169 Cal. 667, 147 Pac. 952; Langdon v. Taylor, 180 Fed. 385; Mims v. Reid, 286 Fed. 900; Broderick v. Hart (Conn.) 117 Atl. 491; Hugill v. Weekly (W. Va.) 61 S. E. 360, 15 L. R. A. 1262.

Our attention has not been called to any case where it has been held that a broker could not recover his commission where the contract, in good faith entered into, has been complied with. The strongest case cited by defendants in support of their contention is Platt v. Johr, 9 Ind. App. 58. In the body of the opinion it is said:

"Whether a broker is to 'introduce' a purchaser, or to 'find' or 'procure' one, or whether he is to do all these things combined, his duties remain practically the same. The words 'find,' 'procure,' 'introduce,' are generally used synonymously in the making of such contracts, and, whether used conjunctively or disjunctively, the essential thing they require the broker to do is to secure a customer who is or will become a purchaser. The logical result of this rule is that the sale must be traced to the introduction of the purchaser to the owner by the agent. Of course, if, after such introduction and as a proximate result thereof,

the owner makes the sale himself, either personally or by another agent, it will not exonerate such owner from the payment of commission to the agent who has initiated the negotiations. But if the causal connection between the introducing agent and the procurement of the sale be broken, the first agent is not entitled to any commission."

In that case the contract was that the broker should introduce the owner to a purchaser. After the introduction the parties failed to agree and negotiations were abandoned. Some six weeks later they were again brought together by another broker and the sale was made. The point in the case was that the sale did not grow out of the negotiations entered into as a result of the introduction, but was brought about by the activities of another broker after the original negotiations had been abandoned. But that is not this case. Here the negotiations were begun at the time of the introduction and continued until the sale was made. Plaintiff had done all his contract required him to do, and all that the defendants wanted him to do. The fact that the purchaser was on the ground for the purpose of inspecting this particular property with a view of buying is not sufficient ground for holding that plaintiff cannot recover on proof that he had complied with the contract. Of course, if it were shown that plaintiff had knowledge that the officers or agents of the Coline Oil Company were there inspecting defendants' property with a view of buying, and he had entered into the contract with defendants without disclosing to them that knowledge, he could not have recovered, not, however, upon the ground that he was not the procuring cause of the sale, but upon the ground that the contract was fraudulently entered into.

The plaintiff did know that the purchaser was on the ground with a view of buying oil property in the Duncan field, where this property was located, but it is not contended that the evidence shows that he had any knowledge that they had, this particular property under consideration.

The judgment should be affirmed.

By the Court: It is so ordered.