## SCHAFF, Rec., v. ROSE et al.

No. 14683—Opinion Filed April 7, 1925.

Rehearing Denied Sept. 8, 1925.

### 1. Damages—Sufficiency of Petition.

Where the petition in an action for damages, contains sufficient statement of facts to show the court that plaintiff has sustained a detriment, and the amount thereof; and that defendant had wrongfully caused same, and that it is a detriment for which the law affords redress, such a petition states a cause of action. Midland Valley Ry. Co. v. Larson, 41 Okla. 360, 138 Pac. 173.

### 2. Carriers—Delay in Furnishing Cars to Shipper—Liability.

The law does not require that a station agent be authorized to contract with a shipper to furnish a certain kind of car at a certain hour of a certain day, in violation of prescribed rules of the company, and in discrimination against other shippers, but it does require that he be authorized to furnish reasonable facilities within a reasonable time for carrying on the business of the public, either upon his own authority or upon his demand or notice to the company; and, where a car has been demanded by a shipper, and promised by an agent, and a reasonable time taken for furnishing same, then, in the absence of satisfactory showing for an unreasonable delay, the company will be held liable for the damages resulting from such delay. Midland Valley Ry. Co. v. Larson, 41 Okla. 360, 138 Pac. 173.

### 3. Appeal and Error — Pleading — When Deemed Amended.

Where a variance has not been called to the attention of the trial court, the pleading will be deemed to have been amended to conform to the proof. Parsons et al. v. Heenan. 104 Okla. 86, 230 Pac. 502.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by M. C. Rose and another against Chas. E. Schaff, as receiver for the Wichita Falls & Northwestern Railway Company. Judgment for plaintiffs, and defendants appeal. Affirmed.

C. C. Hoff, T. M. Robinson, and Waldo T. Oden, for plaintiff in error.

Stansell Whiteside, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Jackson county, Okla., by the defendants in error, as plaintiffs in the trial court, against the plaintiff in error, as defendant, to recover certain alleged damages resulting from a delay in shipment of live stock. At the time of the institution of this suit the defendant, C. E. Schaff, was the receiver for the Wichita Falls & Northwestern Railway Company.

The facts, as disclosed by the record, show that the defendants in error, Rose and Franks, were engaged in buying and shipping cattle, and that on the 26th day of September, 1922, Mr. Rose gave an order to the depot agent at Duke, Okla., for three cars, and on the 27th day he ordered two more cars, said cars to be used in shipping cattle and hogs to market. The cars were ordered for October 3rd, and Rose and Franks had arranged with parties, from whom they had bought stock, for the purpose of shipping to market, to deliver same at Duke in the shipping pens of the railway company on October 2nd, preparatory to shipment on October 3rd.

The plaintiffs allege that the plaintiff in error, as receiver of the railway company, failed, neglected, and refused to deliver the cars, and that they were forced to hold their live stock in the shipping pens at Duke at a great expense for a period of 14 days, at which time the plaintiff in error furnished three cars, which were used by the defendants in error, and that the remaining two cars were not furnished until 17 days later, causing a delay of 14 days of three cars of live stock and a delay of 13 days of two cars. and that they were greatly damaged by reason of the expense incurred in caring for and feeding said live stock, and further allege that there was a material decline in the market at the point to which they ship-

ped their cattle and hogs, and that they were further damaged by reason of this condition.

The cause was tried to a jury and a verdict returned in favor of the plaintiffs for $496; the amount sued for was $1,354.50. The court struck out certain items of damages and instructed the jury to return a verdict, not to exceed $958.24. Motion for a new trial was duly filed by the defendant and overruled, and judgment rendered by the court in accordance with the verdict of the jury, from which order and judgment of the court this appeal is prosecuted. Plaintiff in error assigns various specifications of error, but the principal contention made is that the court committed error in instructing the jury on issues, or upon a theory of the case, not raised by the pleadings. The plaintiffs' petition merely states the facts of the case, and alleges the various items of damages resulting by reason of the delay, and the defendant's answer consists of a general denial. The defendant interposed a demurrer to the petition, objection to the introduction of evidence, demurred to the evidence, and moved for a directed verdict, and contends that the plaintiffs in the trial court based their right to recover on the law of the state of Oklahoma, requiring railway companies to furnish cars to shippers within four days, and further contends that the plaintiffs abandoned this theory and that in the trial of the case the court adopted and instructed the jury upon the theory that the railway company was required to furnish cars within a reasonable time, and takes the position that there was a fatal variance between the proof and the pleadings, and that the instructions of the court covered issues not raised by the pleadings, and in support of this contention cites the case of Midland Valley Railway Company v. Larson, 41 Okla. 360, 138 Pac. 173, and the case of Chicago, Rock Island & Pacific Railway v. Beatty, 42 Okla. 528, 141 Pac. 442, and calls special attention to the fourth paragraph of the syllabus of the Midland Valley Case, which is as follows:

"The law does not require that a station agent be authorized to contract with a shipper to furnish a certain kind of a car at a certain hour of a certain day, in violation of prescribed rules of the company, and in discrimination against other shippers, but it does require that he be authorized to furnish reasonable facilities within a reasonable time for carrying on the business of the public. either upon his own authority or upon his demand or notice to the company; and, where a car has been demanded by a shipper and promised by an agent, and a

reasonable time taken for furnishing same, then, in the absence of satisfactory showing for an unreasonable delay, the company will be held liable for the damages resulting from such delay."

This case was tried on the theory that it was the duty of the railway company to furnish cars within a reasonable time and very correctly states the rule governing the issue involved, and we think is more favorable to the contention of the defendant than to the plaintiffs in the case at bar, and the case of the Chicago, Rock Island & Pacific Railway v. Beatty, supra, simply construes the effect of the federal act regulating interstate commerce, laying down the rule that the acts of Congress regulating the same supersede the act of the Legislature on that subject, and reversed the trial court for the reason the jury was instructed that it was the duty of the railway company to furnish the cars ordered within four days as provided by our statute, but this case has no application to the case at bar for the reason that the petition relied on in this case does not plead the Oklahoma statutes or make any reference thereto, and the only statement found in the petition relative to the delay caused by the defendant in furnishing cars ordered is that the company did not furnish the cars in proper time, and while the petition might have been subject to attack by motion to make more definite and certain, it was good as against a general demurrer, and the alleged variance complained of between the proof and the pleadings should have been raised by proper objections in the trial court, but no such motion or objections were made, and a general demurrer to the evidence is not sufficient to call the court's attention to a variance between the proof and the pleadings, and this court has recently held that:

"Where a variance has not been called to the attention of the trial court the pleadings will be deemed to have been amended to conform to the proof." Parsons v. Heenan, 104 Okla. 86, 230 Pac. 502.

And we think this rule is decisive of the issues raised in this case, as the question of variance between the proof and pleadings is the only one that is seriously urged, and the error of the court in submitting the case to the jury on a different theory from that which was pleaded, according to the appellant's contention, but admitting this to be true, we think that under the state of the record no reversible error is assigned. It is evident that the case was tried upon the theory that the cars were not furnished within a reasonable time, the verdict of the jury

was general in its nature and in view of the fact that it was for much less than the amount sued for and there being no question raised as to the amount sustained, it is evident that the jury took into consideration, in determining the damages assessed, only such damages as resulted from an unreasonable delay. We therefore recommend that the case be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 750 § 2683; 17 C. J. p. 999 § 301 (1926 Anno). (2) 10 C. J. pp. 73 218 §§ 66, 298.