## SCHNEIDER v. STEWART.

No. 24562.   Sept. 25, 1935.

Sigler & Jackson, for plaintiff in error.
H. A. Stanley, for defendant in error.

PER CURIAM. This action was commenced in the justice of the peace court before Hal M. Cannon, justice of the peace, Ardmore district, Carter county, by C. E. Stewart, defendant in error, who will hereafter be referred to as plaintiff, as he appeared in the court below, against Mrs. Sydney Schneider, to recover a commission for services rendered as a real estate broker in selling a stock of merchandise in bulk. Judgment was rendered for the plaintiff in the justice of the peace court, and the defendant appealed to the district court of Carter county, in which court the plaintiff, C. E. Stewart, recovered judgment against the defendant, Mrs. Sydney Schneider, for the sum of $50, and the defendant appeals to this court.

The plaintiff, C. E. Stewart, testified that he went into the store of Mrs. Schneider and inquired about putting on a sale for her. She did not want to put on a sale, but wanted to sell the entire stock in bulk, for the reason that her mother had died, leaving a will in which it was provided that Mrs. Schneider was not to share in the estate unless she got out of the store and sold the business. That he, Stewart, went into detail with her about the stock, told her that he would sell the stock in bulk, explaining that the commission was 5 per cent. for a sale in bulk or 2½ per cent. if traded. That he was advised by Mrs. Schneider that she wanted to keep the matter quiet and did not want her clerks to know anything about the deal, whereupon he, Stewart, agreed that he would not come about the store. Stewart then got in touch with one Edward Klein and presented the deal to him, the price of $3,000. being placed on the stock by Mrs. Schneider in her conversation with Stewart. After inspecting the stock with an associate, Klein reported to Stewart that he would not be interested. Thereafter Stewart went into the store and inspected the stock, and at his suggestion the estimate upon the value of the goods and fixtures was changed so that the stock bore a larger relation to the whole sum than the estimate theretofore used. Stewart then secured an offer from the Cooper Grocery Company of Waco, Tex., of $1,000 cash and 80 acres of land; Mrs. Schneider would not accept the offer, whereupon Stewart again talked to Klein and told him about his inspection of the stock and the offer from the Cooper Grocery Company. Klein stated that he had $1,800 to invest and Stewart conveyed this information to Mrs. Schneider; Klein took his wife and made another inspection of the stock and a deal was finally made in which Mrs. Schneider was paid $2,000.

Edward Klein, the purchaser, testified that the first information that he obtained that Mrs. Schneider wanted to sell out came from the plaintiff, Stewart.

The defendant, Mrs. Schneider, denies that she ever gave Stewart a price on the store, and says that she did not at any time place the business in his hands to sell as an agent.

The court below, after hearing the evidence and passing upon the credibility of the witnesses, apparently accepted Stewart's version of the matter. It is a well-established rule of law that where there is a conflict in the evidence, the judgment of the trial court will not be disturbed on appeal by this court on account of the insufficiency of the evidence where there is any evidence tending to support such judgment.

The defendant contends that Stewart should not recover in this case for the reason that there was no evidence to show that he was the procuring cause of the sale. This contention on the part of the defendant is untenable. While it is true that Stewart was not present when the parties first met, nor when the deal was closed, yet the evidence also shows that he, Stewart, in staying away from the store, was carrying out the wishes of the defendant and the agreement that he had with her that he would keep the deal quiet and not let any of the clerks know about it. This court has held that it is only necessary that a broker comply with his contract to entitle him to his commission. Parsons et al. v. Heenan, 104 Okla. 86, 230 P. 502, and cases cited therein.

The judgment of the trial court should be, and is, affirmed.

The plaintiff asks for a judgment on the supersedeas bond upon the affirmance of this case, and upon due consideration thereof, this court finds that such judgment should be rendered. It is therefore the order of this court that C. E. Stewart have and recover judgment against Mrs. Sydney Schneider, Ed Sandlin, and V. R. Shores for the sum of $50, together with interest thereon at the rate of 6 per cent. from October 12, 1932, until paid, and all costs of this action.

The Supreme Court acknowledges the aid of Attorneys L. L. Corn, Tom L. Ruble, and E. S. Collier in the preparation of this opinion. These attorneys constituted an ad-

visory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme · Court. After the analysis of law and facts was prepared by Mr. Corn and approved by Mr. Ruble and Mr. Collier, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.