## MITCHELL v. LEONARD.

(155 Pac. 696.)

**APPEAL AND ERROR—Equity—Judgment—Evidence.** In a case purely of equitable cognizance, where the parties are not entitled to a jury, this court has on appeal the power to go into, examine, and weigh the evidence; but if the judgment of the trial court is not clearly against the weight of the evidence, it will not be disturbed.

(Syllabus by Brett, C.)

*Error from District Court, Choctaw County;*
*Summers Hardy, Judge.*

Action by James Mitchell against W. E. B. Leonard. Judgment for defendant, and plaintiff brings error. Affirmed.

*Works & Copping,* for plaintiff in error.

*Howe & Stanley* and *L. A. Wiygul,* for defendant in error.

Opinion by BRETT, C. This action was commenced by James Mitchell, a minor, by James M. Mitchell, his next friend, against W. E. B. Leonard, to cancel a sheriff's deed to certain real estate described in the petition. The plaintiff, James Mitchell, is the illegitimate minor son of James M. Mitchell. The land in controversy was purchased by James M. Mitchell, and a deed made to James Mitchell. Later a judgment was obtained against James M. Mitchell, and this land was sold as his property under execution to satisfy this judgment, and a sheriff's deed was executed to the purchaser, W. E. B. Leonard. James Mitchell filed this suit by James M. Mitchell, his next friend, to cancel this deed, alleging that the land was purchased with his money, and the deed

made to him. This was specifically denied, and cross-petition was filed by defendant, Leonard, to quiet his title, alleging that this was the land of the father, James M. Mitchell, and had always been openly and boldly claimed by him, until levied upon under execution. A trial was had to the court without a jury, which resulted in a judgment and decree refusing to cancel the deed, and quieting title in Leonard, the purchaser at the sheriff's sale; and the plaintiff appeals to this court.

The only question urged is one of fact. The plaintiff relies solely upon the proposition that the evidence clearly shows the property was purchased with the money of James Mitchell, the minor, and the deed made to him, and that he is therefore the owner of the property.

The evidence of a number of witnesses was that the grandfather of the minor gave him two horses, and that James M. Mitchell, the father, sold these horses; but no witness, except the father, James M. Mitchell, testified as to what he did with the money for which the horses were sold. And he alone testified that the proceeds purchased this land. He also testified that, after having the deed recorded, he sent it to the mother of the child; but she denies having received it or ever having been informed that the land was her son's, until about the time this action was commenced. There is also evidence that when the notary who wrote the deed asked James M. Mitchell, the father, who the deed was to be made to, he said himself. He was then asked his name, and he replied, "James Mitchell." It is also in evidence that he signed his name at various times as James M. Mitchell, James Mitchell, and J. M. Mitchell. Several witnesses testified that about the time he purchased this land he stated to them that he was buying it to make a home for

himself in old age.	There were also several witnesses who impeached the veracity of James M. Mitchell.

The only ground upon which a reversal is asked is. that the evidence shows the property was purchased with the proceeds of these horses, and was therefore the prop-- erty of the minor. We have read the entire record, and think the judgment and decree of the trial court, to the effect that the property belonged to the father, is not against the weight of the evidence; but, on the other hand, we think the judgment is sustained by the weight of the evidence, and should be affirmed. *Shock v. Fish,* 45 Okla. 12, 144 Pac. 584; *Wimberly v. Winstock,* 46 Okla. 645, 149 Pac. 238.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.