## SWEAT v. SKAGGS.

No. 19052. Opinion Filed Sept. 17, 1929.

W. C. Wood, for plaintiff in error.

Carver & Huser, for defendant in error.

REID, C. As plaintiff, L. N. Skaggs, sued Nannie Sweat and E. W. Whitney, as defendants, alleging that under a verbal contract made with them he was to operate a certain grist mill in Wewoka, Okla., which had belonged to Ed Sweat, deceased; that under the contract he was to run the mill for the customary wages paid for such services in the vicinity of the place where the mill was run, and he further pleaded that the usual and reasonable wages was the sum of $5 per day; that he had worked 115 days. and he prayed judgment against the defendants for the amount so due.

The defendants answered by general denial, and they further pleaded that plaintiff volunteered to operate the mill for one-half the net proceeds derived therefrom, and to pay the other half to the heirs of Ed Sweat. They asked that plaintiff be required to make a report of the business during the time he had conducted it, and if said report showed a gain, that plaintiff be required to pay over to the heirs their share of the proceeds, and that, the defendant Nannie Sweat was one of the heirs.

The case was tried to the court without a jury. At the conclusion of plaintiff's evidence, defendants' demurrer thereto was sustained by the court as to Whitney. At the conclusion of all the evidence, judgment was rendered against Nannie Sweat for $450. and she appealed.

At the beginning of the trial, the defendant objected to the introduction of any evidence by the plaintiff, on the ground that the contract sued on was in violation of the statute of frauds, as being within paragraph 2, section 5034, C. O. S. 1921. We fail to see why that statute has any application to the pleadings, or to the evidence introduced by the plaintiff in the case. There was no allegation in the petition or proof offered by plaintiff that the defendant had promised plaintiff to answer for the debt or default of another person. The suit was brought upon an alleged contract with her and Whitney. The petition alleged that the services were performed for them; pleading a primary liability on their part to plaintiff.

We have seen that the plaintiff in his petition alleged that he contracted with the defendants to operate the mill for the customary wages paid for similar services in the same community. However, upon the trial, his testimony showed an agreement with the defendant Mrs. Sweat, and also with the defendant Whitney—of whom there is testimony showing that he acted as her agent in the matter—that it was agreed he was to have the same wages he had been paid by Ed Sweat while running the mill for him, and in that connection plaintiff testified that Ed Sweat contracted to pay and did pay him $5 per day for his work.

It seems that the defendant seeks to present the alleged error in regard to the admission of the foregoing testimony by the following proposition in her brief: "The court erred in overruling the demurrer of defendant to the evidence at the conclusion of plaintiff's case."

It is not at all clear that there was even the usual objection made by the defendant to the admission of this particular evidence. The variance between the allegations of the

petition and the evidence introduced not having been called to the attention of the trial court at the proper time, after the admission of such evidence without proper objection, the pleadings will be deemed to have been amended to conform to the proof; Schaff, Rec., v. Rose, 111 Okla. 237, 239 Pac. 458; Adams v. Hoskins, 126 Okla. 57, 259 Pac. 136; and the demurrer by the defendant at the close of plaintiff's testimony did not present the question. Parsons v. Heenan, 101 Okla. 86, 230 Pac. 502.

The defendant further contends that the foregoing evidence was inadmissible under section 588, C. O. S. 1921, for the reason that she, a party defendant, was an heir of Ed Sweat, deceased, and the testimony went to a transaction between her decedent and the plaintiff. This contention seems readily answered by the fact that this is not a suit upon a contract plaintiff claims he made with the decedent. He did not derive his cause of action from the deceased, but sued upon an independent contract claimed to have been made directly with the defendant; and the fact that the contract was about property in which the defendant inherited an interest would not make the statute applicable. However, the contract with the deceased was material and properly admissible to establish an element of his contract with the heir, that is, the measure of his compensation.

However, if the witness should not have been permitted to give such testimony, it is clear from the record that the question was not raised in the trial court for the reason that an objection to the **competency of the evidence** does not go to the **competency of the witness**, and it is the **incompetency of the witness** which renders testimony inadmissible under the foregoing statute. Williams v. Joins, 34 Okla. 733, 126 Pac. 1013; Butler v. Wilson, 54 Okla. 229, 153 Pac. 823; Miller, Ad'm, v. Nanny, 91 Okla. 150, 216 Pac. 662; Selsor Badley v. Reed, 97 Okla. 204, 223 Pac. 651; Nolan v. Mathis, Adm'r, 134 Okla. 86, 272 Pac. 865.

It is next contended that the evidence is not sufficient to sustain the judgment.

The defendant Nannie Sweat was an heir of her son, Ed Sweat, who died while plaintiff was running the mill for him. She was interested in having the mill continue operation as they were trying to sell it. She would receive at least a part of the returns from the sale; or, if it made anything she would be interested in the proceeds. These facts together with the evidence we have discussed reasonably tend to show her liability, and therefore to support the judgment.

The judgment of the trial court is affirmed.

DIFFENDAFFER, JEFFREY, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.