**HARTSELL et al. v. DAVIS.**

No. 24016.    Jan. 7, 1936.

M. D. Hartsell, E. N. Jones, and E. L. Dillard, for plaintiffs in error.

G. F. Womack, Bridges & Ivey, and S. H. Singleton, for defendant in error.

No. 24015.    Jan. 7, 1936.

decedent; that said employment was only for the winter months; that plaintiff was to receive as compensation for his equipment and work the sum of $2 per day; that during the months of January, February, March, and April of the years 1928 and 1929 plaintiff furnished equipment and performed the work and services required of him under his contract, and that by the terms of his contract and as reasonable compensation he had earned the sum of $480; that said decedent had furnished the plaintiff with 16 bushels of corn of the value of $16 as part payment on said contract, and that plaintiff had never received the balance due him thereon; that a proper claim. together with all credits properly allowable thereon, had been filed with the defendants as administrators of the estate of J. C. Hartsell, deceased, and had been by them disallowed. Wherefore, the plaintiff prayed judgment for the sum of $464, balance due under his said contract

The answer of the defendants, after admitting their qualifications as administrators of the estate of J. C. Hartsell, deceased, denied all of the material allegations of the petition, and then admitted that plaintiff had performed some work for their decedent for which he was entitled to receive $2 per day, but alleged plaintiff had been fully paid for all work performed and that the estate of the decedent was in no manner indebted to the plaintiff. Trial of the issues thus presented was had to a jury.

Plaintiff offered himself as a witness in his own behalf and counsel for defendants asked leave of the court to propound a few questions to the plaintiff relative to his competency to testify as a witness in the case. At the conclusion of this examination the defendants objected to the plaintiff testifying on the ground that he was an incompetent witness under the statute. This objection was overruled and exceptions thereto properly saved. Thereupon the court permitted the plaintiff to testify indirectly to certain transactions had with defendants' decedent. The defendants did not cross-examine the witness. At the close of plaintiff's evidence in chief the defendants demurred thereto, and this demurrer being overruled, they then introduced evidence in support of their affirmative defense. At the close of all the testimony the demurrer of defendants was not renewed, and there was no motion for directed verdict. The jury returned a verdict in favor of plaintiff for the sum of $404. A motion for new trial

M. D. Hartsell, E. N. Jones, and E. I. Dillard, for plaintiffs in error.

G. F. Womack, Bridges & Ivey, and S. H Singleton, for defendant in error.

PER CURIAM. This is an appeal from the district court of Jefferson county. The action was instituted by H. L. Davis, as plaintiff, against U. S. Hartsell and D. D Hartsell, administrators of the estate of J C. Hartsell, deceased, as defendants. The petition of plaintiff in substance alleged that defendants were administrators of the estate of J. C. Hartsell, deceased; that on or about January 1, 1928, plaintiff and defendants' decedent entered into an oral contract whereby plaintiff was to furnish certain equipment and perform certain work in feeding and caring for cattle belonging to the

448

was filed and overruled, and the cause is now properly before us. The parties will be referred to as they appeared in the trial court.

For reversal the defendants contend that the evidence was insufficient to support the verdict and judgment; and that the trial court committed reversible error in permitting plaintiff to testify as a witness in his own behalf over the objections and exceptions of defendants. We will discuss this latter proposition first.

Section 271, O. S. 1931, in part provides as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person; nor shall the assignor of a thing in action be allowed to testify in behalf of such party concerning any transaction or communication had personally by such assignor with a deceased person in any such case."

The plaintiff was permitted to testify in detail in connection with his claim against defendants' decedent. His testimony was replete with respect to the time, manner, and method of performing the work for which he claimed compensation, the receipt of certain corn from the decedent on account of the contract, and nonpayment of the balance due claimed by him thereon. The testimony of the plaintiff was an indirect attempt to prove his claim without testifying directly to any conversation had with defendants' decedent. However, this testimony was primarily in respect to a transaction had personally by the plaintiff with the defendants' decedent, and as such came clearly within the inhibitions of section 271, O. S. 1931.

In Pancoast v. Eldridge, 157 Okla. 195, 11 P. (2d) 918, Mr. Justice Riley, speaking for this court, said:

"Under the provisions of section 588, C. O. S. 1921, a party to a civil action against the administrator of the estate of a decedent is incompetent to testify, in his own behalf, to facts which will raise an implied contract between such party and the decedent."

In the body of the opinion in the above case the court announced the correct rule, and, after citing a number of prior decisions of this court, wherein the rule was announced and followed, notes the departure therefrom in the case of Sinclair v. Stringer, 80 Okla. 218, 195 P. 771, and the repeating of this holding of this latter case in the subsequent cases of Miller, Adm'r, v. Nanny, 91 Okla. 150, 216 P. 662, and Hutchings v. Winsor, 92 Okla. 37, 217 P. 1044; and stated:

"This court expressly overrules the latter statement of the law and announces that it will hereafter follow the former rule.

"This court is not unmindful of the fact that the rule herein followed may, in some instances, work a hardship upon a living person who has permitted transactions had with a deceased to rest in parol and within the limited knowledge of the survivor, so that such transactions are incapable of being established except by the living party, yet there is and can be but one purpose in the existence of such a statute which denotes the public policy, and that is to prevent designing and unscrupulous persons from prevailing with false and fraudulent claims established by their testimony alone as against the estate of deceased persons, whose lips are sealed by death. It seems to us far better to maintain the public policy, thus preventing the grossest frauds, rather than to open the door to abuse to an occasional individual who apparently possesses a just claim, but who has suffered the transaction to thus rest upon his own questionable testimony."

This court is therefore committed to the doctrine that a party may not testify directly or indirectly in his own behalf under circumstances prohibited by section 271, O. S. 1931.

Counsel for the plaintiff urges, however, that defendants waived their right to object to the competency of the plaintiff to testify herein by reason of certain preliminary questions which they propounded to him prior to the giving of his testimony in the case. It is the contention of the plaintiff that, since defendants' counsel questioned the plaintiff relative to the transaction, this constitutes a waiver of the statute and that thereafter the plaintiff could testify fully in regard to the entire transaction. In support of this we are cited to certain decisions of this court wherein we have held that when counsel for an administrator cross-examines a plaintiff relative to transactions with the deceased, thereupon the protection of the statute is waived. The record herein discloses that plaintiff was the first witness called in his own behalf and that after he had answered the questions as to his name and residence counsel for defendants "desired leave to ask the witness a few questions relative to his competency to tes-

tify as a witness in this case." This request was granted and counsel for defendants then propounded nine questions to the plaintiff regarding the nature of the action and relative to the allegations of his petition, and thereupon objected to the competency of the plaintiff to testify as a witness in the case concerning any transaction had with defendants' decedent. This objection being overruled and denied, counsel for defendants subsequently renewed their objection to the competency of the plaintiff on his examination by counsel for plaintiff, but did not cross-examine or attempt to cross-examine the witness. This procedure was proper, for as we said in Williams et al. v. Joins et al., 34 Okla. 733, 126 P. 1013:

"The incompetency of a witness to testify in his own behalf concerning a transaction or conversation had with a deceased person, as against the heir of such deceased person, under Comp. Laws 1909, sec. 5841, must be raised in the trial court by an objection to the competency of the witness, and not merely by an objection to the competency of the evidence offered by the witness."

See, also, Bell v. Territory of Okla., 8 Okla. 75, 56 P. 853; Nolan v. Matthis, 134 Okla. 79, 272 P. 868; Sweat v. Skaggs, 138 Okla. 141, 280 P. 591.

Since there was no cross-examination of the plaintiff, the authorities cited by plaintiff on that proposition are inapplicable to the present situation. Counsel for the plaintiff has cited no authority holding that the asking of preliminary questions touching the qualifications of a witness will operate as a waiver of the provisions of the statute in question, and our search fails to disclose any such authority. We hold that there is no waiver of the benefits of the statute where the record clearly discloses an intention to rely upon the protection of the statute and a preliminary examination is conducted solely for the purpose of testing the competency or incompetency of the proposed witness to testify in the case.

Defendants next contend that the judgment is not sustained by any competent evidence. There is no merit to this contention. The evidence was competent, but the witness was incompetent. The demurrer to the evidence of plaintiff was properly overruled and a motion for directed verdict on the part of defendants would have been unavailing. Therefore, the discussion of the sufficiency or insufficiency of the evidence is not, as we view it, a proper matter for consideration herein, and the authorities cited by both the plaintiff and defendants have no application in a determination of this appeal.

Plaintiff urges, however, that, even though the trial court erred in permitting the plaintiff to testify herein, there was other competent testimony sufficient to establish plaintiff's cause of action, and that therefore this court should treat the same as harmless error within the provisions of section 3206, O. S. 1931, and deny a reversal.

Section 3206, O. S. 1931, provides as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

It will be observed from a careful reading of the above statute that the improper admission or rejection of evidence shall not constitute grounds for the setting aside of a judgment or granting a new trial unless in the opinion of the court, after examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. Without a determination of the sufficiency or insufficiency of the evidence, it thus becomes the duty of the court to make an examination of the entire record to determine whether the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right.

With this in mind we have carefully examined the record herein, and find that the testimony of the plaintiff was directed to facts essential to his cause of action and on disputed issues. This testimony was therefore vital and material to plaintiff's action and defendants' defense. Since by section 271, O. S. 1931, it is expressly provided that persons occupying the position of plaintiff herein are incompetent to testify, the denial of defendants' objection to the competency of the witness was prejudicial and constituted a direct violation of their statutory right. The competency or incompetency of testimony given by the witness

is not involved, and the rules relating to the admission of incompetent evidence and requiring the showing of prejudice on account thereof are inapplicable. While in certain instances the testimony of an incompetent witness may be innocuous and constitute harmless error, where the cause of action is established by evidence of other competent witnesses, as we have stated on several occasions, nevertheless in cases of this nature where the plaintiff can establish his cause of action by the testimony of competent witnesses, it is his duty so to do. It is a violation of public policy of this state to permit a party to testify to matters essential to his cause of action or to questions in dispute in an action of this nature, as we have pointed out in the case of Pancoast v. Eldridge, supra. Since the testimony of the plaintiff herein was essential to his cause of action and was material to disputed questions of fact and was so full and complete in detail that it is impossible to determine what effect the same may have had upon the jury, we are compelled to hold that the action of the trial court in overruling the objection of the defendants to the competency of the plaintiff to testify violated a plain statutory right of the defendants, and that under the circumstances this was highly prejudicial error. The cause must be reversed for new trial on account of error herein pointed out.

Reversed and remanded, with directions to grant a new trial.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. RILEY and PHELPS, JJ., absent.