### SEAMAN et al. v. CHESNUT.

No. 27528.    Sept. 21, 1937.

W. L. Houts, for plaintiffs in error.

Hadwiger & Hadwiger, for defendant in error.

BAYLESS, V. C. J.    Alice A. Chesnut, in person and for all persons similarly situated, brought an action against John F. Seaman, the owner, and Claude E. Seaman, his son and tenant, to enjoin them from obstructing a public highway. The injunction was granted, and the defendants appeal.

There is a mixed issue of fact and law before us. The law question concerns what is necessary to establish a public highway by prescription, and the fact question, whether such a highway has been established in this instance.

The land involved is section 30, township 25 north, range 15 west, I. B. M., Woods county, Okla. The road runs north and south through the section on the half-section line. Plaintiff owns the northwest quarter, over which the road runs along the east line. At the half-section line running east and west through the section, the road jogs a little east and continues south occupying a strip about 16 feet wide along the west line of the southeast quarter, which is owned by John F. Seaman and is occupied by his son, Claude E. Seaman. It does not appear from the record that the northeast quarter is affected, and while the southwest quarter owner is not named a party, there is evidence that the former owner thereof consented to have his fence along his east line moved westward a few feet.

Mrs. Chesnut's husband homesteaded the quarter section occupied and owned by her about 1892. About that time the southeast quarter was occupied and some improvements had been put thereon, but the occupant was ineligible to file for it. This road was then known and used. McCurn then bought out the occupant and homesteaded this quarter in 1894, and built fence along this line, apparently allowing for the road. He sold to Royer. There is evidence that

Royer, Chesnut, and the owner of the southwest quarter orally agreed to recognize and maintain this as a highway, with Chesnut furnishing the fence materials and Royer to build the fence 16 feet east of his west line. We will discuss the admissibility of this evidence later. The parties actually did what it is said they agreed to do, and the fence was built. Thereafter Royer's grandson became the owner, and in 1924 Seaman became the owner. It is clear that the fence line remained where it was for 30 years or more before this suit was brought. Many witnesses for both sides testified to using the road and seeing others use it. There was no very definite evidence as to the extent of the traffic on this road, but all understood it was for the use of any person desiring to use it. Beginning with 1916, it was graded at points where grading was needed and beneficial. Although this was done by the owners, they had the use of the township machinery. This was not the only road in that vicinity which could be used by the traveling public, nor was its existence necessary to the ingress or egress of any of the parties involved, nor was it the best road. Yet it is there, and has been there 40 years and more, and has been and is now being used by several people. Seaman testified it was used principally by petting parties, and was in such condition that travelers got stuck and cut his fences for material to assist themselves out of their predicament. Claude thereupon fenced across the road, and this suit resulted.

The trial court found that a public highway had been acquired by prescription, that is, by the use for a period of time in excess of the period of limitation for the recovery of the real estate. This is an equitable action, and we are required to weigh the evidence (Mitchell v. Leonard, 55 Okla. 626, 155 P. 696), but will not reverse the judgment unless it is clearly against the weight of the evidence. (Mitchell v. Leonard, supra, and Checote v. Berryhill, 48 Okla. 696, · 150 P. 679, and many other cases.)

Public highways may be established in Oklahoma by prescription. Dolese v. State, 23 Okla. Cr. 81, 212 P. 610, and State ex rel. King v. McCurdy, 171 Okla. 445, 43 P. (2d) 124. It is said in the second of these cases, quoting from 29 C. J. 373, as follows:

"To establish a highway by prescription, the land in question must have been used by the public with the actual or implied knowledge of the landowner, adversely under claim or color of right, and not merely by the owner's permission, and continuously, and uninterruptedly, for the period required to bar an action for the recovery of possession of land or otherwise prescribed by statute. When these conditions are present, a highway exists by prescription, otherwise not."

See, also, 13 R. C. L. 33, sec. 23, notes 7, 8 and 9.

All of the essential elements specified in the law applicable are present. The public used this road. This was with the knowledge of all of the owners. There was an adverse claim of color of right by virtue of the agreement. The use thereof was continuous, and uninterrupted, and for a sufficient period of time. Since all of the essentials prescribed by law are present, we are of the opinion that the trial court was correct as a matter of law and fact.

Some argument is made relating to the admissibility of the testimony of Mrs. Chesnut regarding the supposed agreement between Chesnut, Royer, and another owner. She made it plain her testimony was hearsay. The objection was that such testimony was incompetent, irrelevant, and immaterial. The contention is now made that such testimony violated the hearsay evidence rule, and the statutory inhibition against testifying to transactions had with deceased persons under certain circumstances. The testimony certainly violated the parol evidence rule. However, we deem this harmless, since there was ample evidence that such parties actually carried out a scheme corresponding to the alleged agreement. The actions of the parties in locating the fence line as they did, and dividing the expense of building the fence, are evidence of some agreement. On the other point, the disqualification to testify prescribed by section 271, O. S. 1931 (588, C. O. S. 1921), is on the witness, and not on the testimony. An objection to the competency of the evidence does not touch the competency of the witness. Sweat v. Skaggs, 138 Okla. 141, 280 P. 591; Nolan v. Mathis, 134 Okla. 79, 272 P. 868. The objection to the first proposed question and answer was explicit in this respect and should have been sustained. The second question was merely objected to on general grounds of incompetent evidence. The last answer given by the witness was not objected to at all; we must hold the record was not made or preserved sufficiently. See Allen v. Kinnibrugh, 93 Okla. 42, 219 P. 676.

OSBORN, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.