CITY OF HOLLIS et al. v. GOULD.

No. 29929.   Oct. 7, 1941.

Rehearing Denied Feb. 10, 1942.

Application for Leave to File Second Petition for Rehearing Denied March 24, 1942.

*123 P. 2d 241.*

Raymond Barry, of Hollis, for plaintiffs in error.

C. H. Madden, of Hollis, for defendant in error.

GIBSON, J. This is an action in damages against a municipality to recover compensation for land taken for a public road. Jury was waived, and trial to the court resulted in judgment for the plaintiff, and defendant appeals.

Defendant says the judgment is contrary to law and the evidence.

The land in question is a narrow strip along the side of a tract owned and occupied by plaintiff for approximately 40 years. In 1903, when the defendant city was a small village, plaintiff opened the strip as a private way to a wagon yard and blacksmith shop located on her premises. This way was originally a blind or dead-end road extending to an intersecting wire fence belonging to a third party. In 1906, this fence was removed by the owner, and the public commenced using the road as a through street.

Plaintiff alleges that the road, though originally a private one, had been used by the public from time to time with her consent, and that she had at no time surrendered the same to general public use. That the city first laid open claim thereto in 1927, when an attempt was made to pave the road as a street, at which time plaintiff laid claim thereto and the defendant desisted and refrained from proceeding with said paving; that subsequently, and on numerous occasions, defendant has entered upon the premises and graded the same for a public street, thus appropriating the land for public use without compensation.

The answer asserts title by prescription under the 15-year statute (sec. 99-4, O. S. 1931, 12 Okla. Stat. Ann. § 93).

In Seaman v. Chesnut, 180 Okla. 582, 71 P. 2d 965, the court, in considering a similar question with reference to the elements necessary to the acquisition of a highway by prescription, applied as the law in this state the following quotation from 29 C. J. 373:

"To establish a highway by prescription the land in question must have been used by the public with the actual or implied knowledge of the landowner, adversely under claim or color of right, and not merely by the owner's permission, and continuously, and uninterruptedly, for the period required to bar an action for the recovery of possession of land or otherwise prescribed by statute. When these conditions are present, a highway exists by prescription; otherwise not."

And the rule was there stated as follows:

"A public highway may be established by prescription in Oklahoma if the land is actually used by the public for that purpose, with the knowledge of the owner, actual or implied, adversely under a claim or color of right and not merely with the owner's permission, and

continuously and uninterruptedly for the period required to bar an action for the recovery of the possession of land or otherwise prescribed by statute."

In the instant case the land was actually used by the public as a highway for a period sufficient to establish the easement by prescription, and such use was with the knowledge of the plaintiff, but there is one element wanting, and its absence is fatal to defendant's claim. The evidence shows that the use by the public was merely at the consent of the plaintiff, and in the face of this consent there was no evidence of an adverse claim or color of right. Where the owner merely consents to the use, a highway cannot be acquired by prescription in the absence of an adverse claim or color of right on the part of the public.

Defendant relies on Seaman v. Chesnut, above, as being in point here and controlling of the present issue. In that case all elements necessary to the acquisition of a highway by prescription were present. There the adverse claim or color of right arose out of an agreement between the interested landowners to remove their fences and permit the public to use the land as a road or highway. Defendant says there was evidence of such an agreement here, but we are unable to agree with this statement. As stated above, a fence crossing the strip of land was removed by its owner, but there is no evidence to indicate that the plaintiff had any part in such removal.

Since it was shown that the claim or color of right of the defendant was based on nothing more than the mere permission of the plaintiff that the land might be used, the evidence would not support a finding of adverse user or title by prescription. The judgment was therefore supported by the evidence in this case.

The question as to the propriety of the remedy pursued has not been raised here (Oklahoma City v. Wells, 185 Okla. 369, 91 P. 2d 1077, 123 A.L.R. 662), and is not considered.

The judgment is affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, and ARNOLD, JJ., concur. WELCH, C. J., and HURST and DAVISON, JJ., dissent.

---

On Rehearing.

WELCH, C. J. (dissenting). This appeal presents another question which I think should be determined, that is, whether the money judgment rendered against the city of Hollis should stand.

The opinion points out definitely that the use of the strip as a travel way by the public for 35 years or more was by the permission and consent of the plaintiff.

I would hold such use by the public would not entitle plaintiff to a money judgment against the city. If there is a rule of law to the contrary, it should be stated in the syllabus (12 O. S. 1941 § 977), and there should be some reference to that phase of the appeal in the majority opinion.

The facts are not in dispute; that the plaintiff set back the fence for the purpose of creating this travel way in the first instance for her own use and that of the general public, and after so making it available to the traveling public, to residents of the city and to all others, it was so used, and by consent and permission for all of the time involved as stated, as shown in the majority opinion.

Since plaintiff voluntarily opened the way at first, and thereafter for many years assessed the premises for taxation by metes and bounds description, omitting the 25-foot travel way, and executed conveyances likewise so describing the property, and permitted unrestricted use of this strip as a travel way for the public for those years, it might be that plaintiff would be estopped to deny a dedication, or that a complete dedication resulted from plaintiff's acts.

But be that as it may, I am convinced that the permissive traveling over this

way by the public would not give rise to a cause of action against the city for a money judgment.

Likewise the grading or smoothing of the travel way by the employees of the city was with the consent and permission of the plaintiff. And indeed objection thereto would be wholly illogical, for if plaintiff were willing for the public to freely travel over the way throughout the years, then, of course, there would be no cause to object to a grading and smoothing of the way which would only serve to make more convenient the travel thereover by the plaintiff and by the public, which was fully acquiesced in by the plaintiff. This grading or smoothing of the way, whether done by employees of the county or the city, would not, in my judgment, give plaintiff the right to a money judgment against either.

Whatever claim the city asserted to having acquired a title by prescription has failed both by the judgment of the trial court and this opinion. It is made plain in the majority opinion that title by prescription cannot be created by permissive occupancy. It is likewise true that a municipality cannot be said to be acting in exercise of the power of eminent domain, unless the occupancy is adverse as distinguished from occupancy by invitation and full consent. 18 Amer. Jurisprudence, 631 and 755. Certainly a landowner cannot open up his land as and for a travel way for himself and for the public and thereby invite the public to travel thereover and knowingly permit the public to travel thereover for 35 years and then assert that such travel thereover constituted an exercise of the power of eminent domain by the city or county in which the travel way is situated.

The judgment of the trial court is in effect a denial of defendant's cross-petition; a holding that plaintiff is the owner of the real estate; and a holding that plaintiff is entitled to money judgment in a fixed sum as the value of the land.

The evidence is clear that there has been no change in the use, permission, or lack of permission during the past 33 to 35 years.

The city is not awarded an easement by the terms of the judgment, nor does it evidence any desire to obtain an easement other than as one may have been created in the public by the law of prescription as asserted in its cross-petition.

The city's denial of liability to money judgment, and its attack upon such judgment rendered by the trial court, remains unanswered in the majority opinion. No authority of law is cited to sustain the award of money judgment against the city.

Plaintiff permitted the use here shown for more than 25 years, making such use possible by her own affirmative acts, and to the present time, nor does she in this suit register the slightest objection to the continuation of such use for her own and the public's benefit. Her sole aim, without pretense otherwise, in the present suit is to obtain a money judgment against the city solely because she opened a public travel way over her land and has permitted the public use thereof for that purpose and still does not object to such use.

I fail to find in such facts any legal cause of action for money judgment against a municipality of this state.

I am authorized to say that HURST and DAVISON, JJ., concur herein.