HURST, V. C. J.
This is an action by the board of county commissioners of Jackson county against Wylie Owen to enjoin Owen from obstructing or interfering with the use by the public of a road along a three-quarter-section line running north and south through section 3, township 1 south, range 25 west, in Jackson county. From a- judgment for the defendant, the plaintiff appeals.
The evidence discloses that for nearly 40 years the road in question has been used as a part of a mail route, and the school bus and other persons have occasionally traveled over it. There is a fence along the west side of the road but none on the east side. The defendant and those farming the land on the east side have used the road as a turn-row. It was never graded until about two years before this action was filed. The defendant then plowed into the road and thereby obstructed it, thereby precipitating this action. The defendant *539 testified that the use of the road had been merely permissive.
The plaintiff, for reversal, relies upon State ex rel. King v. McCurdy, 171 Okla. 445, 43 P. 2d 124, and Seaman v. Chesnut, 190 Okla. 582, 71 P. 2d 965. The defendant relies upon City of Hollis v. Gould, 190 Okla. 335, 123 P. 2d 241, and 29 C. J. 377. These authorities state the elements that must be present to constitute an easement by prescription. The burden of proof was upon the plaintiff to establish all the elements necessary to acquire an easement by prescription. Friend v. Holcombe, 196 Okla. 111, 162 P. 2d 1008. The rule is that if the use is permissive on the part of the owner in the sense that he acquiesces in and consents to the use of the road by the public, the use is not adverse, and a prescriptive way will not be acquired. Friend v. Hol-combe, above; 29 C. J. 379. Furthermore, the road was not used exclusively as a road, but was' used also as a turn-row. The rule is that the public user must be exclusive for the prescriptive period in order to create a public highway by prescription. 29 C. J. 379; 25 Am. Jur. 347.
We are unable to say that the finding and judgment of the court is clearly against the weight of the evidence.
Affirmed.
GIBSON, C. J., and RILEY, OSBORN, CORN, and ARNOLD, JJ., concur.