LIGGETT et al. v. PECK et al.

No. 32156. April 23, 1946.

*168 P. 2d 622.*

Clayton Carder, of Hobart, for plaintiffs in error.

Tolbert, Gillespie & Cunningham, of Hobart, for defendants in error.

PER CURIAM. Carl C. Peck, Charles C. Harris, and Ina G. Harris brought an action against Claude E. Liggett, Mabel Liggett, Bryan O. B. Sims, and others to enjoin them from obstructing certain roads which they allege constitute public highways by prescription. The injunction was granted, and defendants appeal.

The questions here presented are as to whether the evidence is sufficient to establish that the roads in question constitute highways by prescription, and if so, whether plaintiffs are proper parties to maintain the action.

The roads are located on the N.W. ¼ of section 4, township 6 N., range 18 W., Kiowa county. The record discloses that the W.½ of the N.W.¼ of this section, together with other lands, was originally patented to Frank Weisbrod, and the E.½ thereof together with other lands was patented to Andrew J. Dunlap. We will hereafter refer to these tracts respectively as the Weisbrod and Dunlap tracts. There are two roads involved, the first road being a north and south road. This road begins at the north boundary line running between the W.½ and the E.½ of said N.W.¼, then south along the entire distance of such quarter section. This road connects at the north with an east and west state highway leading into the city of Hobart. The second road is an east and west road running across the south boundary line of said quarter section, where it connects on the east with Fifth street leading into the city of Hobart. Mr. Dunlap divided his tract into 13 different acreage tracts, and between the dates of October 24, 1903, and January 9, 1906, he sold all of these tracts to different parties, and defendant Sims now owns one of these tracts abutting upon the north and south road and upon the east end of the east and west road. At the time Mr. Dunlap sold these var-

ious tracts he left open a strip of land lying along the western boundary line thereof approximately 20 feet in width for use as a public highway and no portion of such strip was included in the deed to purchasers of any of these tracts. Mr. Dunlap also left a strip of land along the south boundary of his tract running east and west for the use of the public highway where it connects with Fifth street on the east leading into the city of Hobart. On March 20, 1907, Mr. Weisbrod conveyed his entire tract here involved to E. C. Laughlin less a strip a rod in width along the south boundary thereof for use as a public highway. Mr. Laughlin, after having acquired this tract, also divided the same into acreage tracts, three tracts of ten acres each and the balance into one tract. One of these ten-acre tracts was thereafter sold to Alexander Barkley, one to J. B. Izor, one to E. N. Smith, and the remaining tract was sold to Thomas W. Hart, less a strip one rod in width along the south boundary line thereof to be used as a public highway. On the 27th day of February, 1909, Barkley and Izor each executed to the public a deed whereby each conveyed to the public in fee simple and forever a strip of land 20 feet in width along the east boundary line of their respective tracts for use as a public highway. Mr. Laughlin in conveying the ten-acre tract to Smith excluded a strip 20 feet in width along the east boundary line of such tract for use as a public highway. This latter conveyance was made September 1, 1910, and it is conceded by both parties that that portion of the north and south road extending from the north boundary line of the quarter section south a distance of 955 feet constitutes a highway by dedication, reservation and user, and such part of the road is not in dispute herein, nor has this portion thereof been obstructed. This portion of the north and south road, however, is wider than 20 feet and extends in part over and across the Dunlap tract and undoubtedly includes a strip or a portion thereof left open by Dunlap for use as a highway when he sold the various tracts above referred to. The remainder of this north and south road, about 20 feet in width, is located entirely on the Dunlap tract.

Plaintiff Peck is now the owner of the land conveyed by Laughlin to Smith and plaintiff Harris is the owner of part of the land conveyed by Laughlin to Hart and defendants Liggett and Smith are now the owners of the balance of this tract.

Sometime in 1943 defendant Liggett placed gates across this north and south road at the northeast and southeast corners of his tract and defendant Sims placed gates across the east and west road. This action was brought to compel these defendants to remove the gates.

The evidence shows that the roads, except the dedication portion thereof, have existed since 1905; that they were fenced on both sides. The evidence does not disclose by whom the fences were erected nor when, but it is shown that they existed as early as 1909 and that they still exist except as to the tracts now owned by defendant Sims, where they have been removed. The evidence discloses that these roads were used and traveled by the public for more than 30 years; that the county has at different times graded and scraped the roads; that the south end of the north and south road was recently graded by the county.

Plaintiffs testified that they still use the north and south road and the east end of the east and west road in going to and from the city of Hobart; that in order to use these roads it is now necessary that they pass through and open and close three gates placed across the roads by defendants, Liggett and Sims. It is also shown on behalf of plaintiff that Mr. Dunlap had at different times stated that in dividing his tract into acreage tracts he left vacant the spaces above described for use as public highways.

Defendants' evidence tended to show that in the early days these roads were to some extent used and traveled by

the public; that they were, however, principally and mainly used by persons owning land abutting thereon; that in 1910 the county opened a road by condemnation proceedings beginning at a point a short distance north of plaintiff Peck's tract, thence running east across the Dunlap tract connecting with Second street, which leads into the city of Hobart; that since that time there has been little, if any, travel on the south part of the north and south highway except that it was used by plaintiffs occasionally in going to and from the city of Hobart, and was also used frequently in the nighttime by casual users; that the west end of the east and west road has been used to some extent in the early days for travel by horse-drawn conveyances and later was occasionally used for travel by motor vehicles, but that it is now impassable and for the last 10 or 15 years it has been used only by farmers and stockmen in moving tractors and driving cattle from one place to another. It is also testified to by defendants that plaintiffs have now a much better and more convenient access in and to their premises by the use of other roads.

The trial court under this evidence found:

"I don't mind your putting in the record that the court believes that the plaintiffs' damage exists mostly in their imagination. But still I think this has become a public highway and that the public acquired title to it, and the defendants have no right, under the law, to close it. That's the way I feel about it, and I am as strong on that as I am that I don't think the plaintiffs have been damaged very much, because the evidence shows that they rarely ever used it, and it shows it would be very much more convenient for all of them to go north to the highway or go through Second street on into town. In fact, I can't conceive how they could ever use it to amount to anything. But, still, it has been a public highway so long, and was evidently intended when this land was deeded that these streets be left, this passageway be left open for the convenience of the parties who

own that property and the public in general, and I don't believe the defendants can fence it."

The court under this finding rendered judgment granting the injunction. We think the evidence sufficient to sustain the finding and judgment. The evidence clearly shows that the roads were opened originally by the owner of the land; that they were used by the public with the knowledge of the owners; that they were so used adversely, continuously, and under color of right for a period of more than 30 years. This is all that is necessary or essential to establish a public highway by prescription. Seaman v. Chesnut, 180 Okla. 582, 71 P. 2d 965. The facts in the instant case are almost identical with the facts in the above case and under the rule there announced the judgment must be sustained.

Defendants further contend that plaintiffs have not shown such special injury as would authorize them to maintain the action. This contention cannot be sustained. It is shown that defendant Liggett erected a gate across the north and south road at or near the southeast corner of the tract now owned by plaintiff Harris. Plaintiff Peck's tract lies immediately north of that of plaintiff Harris. The other gates obstructing the road are placed nearby the premises of plaintiff. Plaintiffs' premises abut upon this highway. Ingress and egress to and from their premises is materially obstructed and interrupted. They therefore have shown such special injury as will entitle them to maintain the action. This is true although there exists other roads which furnish other and equally good or better way of ingress and egress. Siegenthaler v. Newton, 174 Okla. 216, 50 P. 2d 192; Thomas v. Farrier, 179 Okla. 263, 65 P. 2d 526.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.