SCHULTE, Adm'r, v. WINCHESTER.

No. 33618.   Oct. 9, 1951.

*236 P. 2d 484.*

172

W. F. Schulte, Ada, pro se.

Turner M. King and Carloss Wadlington, Ada, for defendant in error.

HALLEY, V. C. J. Bertha Winchester sued W. F. Schulte, individually and as administrator of the estate of W. H. Guyer, deceased, for the sum of $316 alleged to be the property of Bertha Winchester and unlawfully converted and held by the defendant, W. F. Schulte, as an individual and as administrator of the estate of W. H. Guyer, deceased. We shall refer to the parties as "plaintiff" and "defendant", as they appeared in the trial court.

The facts from which plaintiff's claim arose are: That in November, 1944, she and her husband moved into the home of W. H. Guyer in Ada, Oklahoma, and continued to live there until after Mr. Guyer died on November 4, 1945. Mr. Guyer was 83 years of age, in poor health, and unable to see well enough to read or write. The plaintiff cared for him and read and wrote his letters.

When Mr. Guyer died on November 4, 1945, three of his seven children, who lived in California, came to Ada and assumed ownership of his property. The plaintiff testified that she had formed the habit of turning over to Mr. Guyer her meager earnings for safekeeping, and that at various times in 1945 she turned over to him for safekeeping small sums of from $4 to $9, amounting in all to $316. She testified that her husband was a user of narcotics and would spend her money if left within his reach. No record was kept of this money by Mr. Guyer, but Mrs. Winchester claimed that she kept one calendar in his room and one in her room, on which she made a notation each time she left money with him, showing the date and the amount of the deposit. She testified that he placed this money in an old-fashioned purse, and she guessed that he later placed it in a lock-box kept in his room, where it was when he died. On November 7, 1945, after his death and burial, she turned over to the three children of Mr. Guyer one billfold and one small purse and the lock-box containing the money he kept in his room, but made no mention of the fact that Mr. Guyer died with any of her money in his possession, and made no claim or demand for her share. It was clearly established that her money was not kept separate from his own money by Mr. Guyer. If he had her money in the house at the time of his death, it could not be distinguished from his own by any physical marks or by any separation in the place where it was kept. After the Guyer children had left, the plaintiff learned that the money turned over to them by her had been taken to the office of Mr. Schulte, and that he had advised them to place it in the bank where Mr. Guyer had at one time had an account. She later advised Mr. Schulte that part of the money belonged to her, but he told her that she would have to file a claim against the estate. She presented a claim after Mr. Schulte's appointment as administrator, and it was rejected. She filed an action against the heirs of Mr. Guyer, all of whom resided in California, for $316, but that case was dismissed because of inadequate service by publication.

Her claim was presented in time, but the present action to establish her claim by judgment was not filed until September 2, 1947. Her previous action to recover from the Guyer heirs had been dismissed on September 4, 1946. The present action was dismissed as to W. F. Schulte as an individual, but she obtained a jury verdict and judgment for $316 against W. F. Schulte as administrator. It is from that judgment that W. F. Schulte has appealed.

There have been many questions raised on this appeal, but we think that the only one we need to discuss is the error of the trial court in permitting the plaintiff to testify, for the reason that she was an incompetent witness. 12 O. S. 1941 §384 provides, in part, as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person; . . . ."

The plaintiff testified in regard to leaving this money with W. H. Guyer, the deceased, and about the record she kept on it, that this money was left with Mr. Guyer for her own protection. There is a serious question whether it was a debtor-creditor relationship or one of trusteeship, but it is unnecessary for us to answer that question, because clearly the plaintiff's testimony was not admissible, since this was a transaction she had with the deceased personally, and it is clear that the purpose of the above statute was to prevent one from testifying as to transactions had with a deceased person under circumstances as brought out in this case. The administrator took over only the funds that were conceded to be in the possession of the decedent at the time of his death. The plaintiff turned these funds over to the children of the decedent, and at that time made no statement to them that she claimed any interest in the money or that any part of it was hers. Then later she did file a claim with the administrator for this money, after the money came into his possession, and when the claim was turned down she filed suit, but later dismissed the case and filed this action after the statutory three months had expired in which she could sue on such claim. If her right to bring this suit did not come from the deceased, it did not come from anybody, and it is perfectly clear that the statute was intended to cover this type of case, for otherwise many fictitious claims could be established against estates. Under the above statute we have held that where the administrator is a party, the adverse party may not testify in his own behalf to a transaction or communication had personally with the deceased. Hartsell v. Davis, 175 Okla. 446, 53 P. 2d 261; Oklahoma National Bank of Cushing v. Keller, 124 Okla. 280, 256 P. 34.

The defendant in error claims that there has been a waiver of her incompetency in this case, but we do not find such in the record. In Winchester v. Guyer, 202 Okla. 651, 216 P. 2d 589, a deposition was taken by the administrator, and by certain questions on cross-examination he waived the incompetency of the defendant, who is the plaintiff in this case; but that deposition was not taken in this case, it is a separate and distinct lawsuit, and there was nothing in the administrator's conduct in that case that could in any way bind him in this one. 58 Am. Jur., Witnesses, §362, in discussing the waiver of the incompetency of a witness, said:

"But a waiver does not extend to a totally different proceeding."

(See, also, 64 A.L.R. 1181.)

Inasmuch as the only other evidence offered in this case by the plaintiff in error was that of the witness Lane, and there was nothing in his testimony that would entitle the plaintiff to re-

cover, it is the judgment of this court that this case be reversed.

WELCH, CORN, GIBSON, and BINGAMAN, JJ., concur. ARNOLD, C. J., and JOHNSON and O'NEAL, JJ., dissent.

WELCH, GIBSON, and BINGAMAN, JJ., are of the view that the trial court committed further error in refusing to hold that the action and claim were barred by statute, 58 O. S. 1941 §339.