BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY, Oklahoma, Plaintiff in Error,

v.

Bill LLOYD and Elsie F. Lloyd, Defendants in Error.

No. 37785.

Supreme Court of Oklahoma.

Feb. 25, 1958.

J. Howard Edmondson, County Atty., Donald Cameron, Asst. County Atty., Tulsa, for plaintiff in error.

Rogers & Brightmire, by Remington Rogers and Paul W. Brightmire, Tulsa, for defendants in error.

CORN, Vice Chief Justice.

The Board of County Commissioners of Tulsa County, Oklahoma, brought this action against Bill Lloyd and Elsie F. Lloyd in the District Court of Tulsa County to quiet title to an easement for road purposes along the East 31st Street boundary of defendants' land.

The land in controversy is a strip 10.25 feet wide and 1,980 feet long adjacent to and south of the 24.75 feet reserved for road in the Creek Indian Nation.

It is the position of the plaintiff that it acquired title by prescription to an easement for road purpose on said strip. From an adverse judgment the plaintiff, Board of County Commissioners of Tulsa County, appeals.

Its sole contention is that under the evidence adduced at the trial, and the applicable law, the trial court erred in not determining that the right of way over defendants' land extends 35 feet south of the section line which is the north boundary of their land.

■ This being a matter of equitable cognizance this Court will weigh the evidence, but unless the judgment of the trial court is clearly against the weight thereof, such judgment will not be disturbed on appeal. Beall v. Fergeson, 177 Okl. 216, 58 P.2d 598; First National Bank of Bethany v. Eagan, Okl., 263 P.2d 157.

■ This Court, without exception, has held that to establish an easement for a roadway by prescription, the land in question must have been used for that purpose with the actual or implied knowledge of the owner, adversely under claim or color of right, and not merely by the owner's permission, and continuously, and uninterruptedly for the period required to bar an action for the recovery of possession of the land or otherwise prescribed by statute. State ex rel. King v. McCurdy, 171 Okl. 445, 43 P.2d 124; Seaman v. Chesnut, 180 Okl. 582, 71 P.2d 965; City of Hollis v. Gould, 190 Okl. 335, 123 P.2d 241.

60 O.S.1951 § 333 provides:

"Occupancy for the period prescribed by civil procedure, or any law of this State as sufficient to bar an action for the recovery of the property, confers a title thereto, denominated a title by prescription, which is sufficient against all."

12 O.S.1951 § 93, provides in part:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter; * * *.

"(4) An action for the recovery of real property not hereinbefore provided for, within fifteen (15) years."

As we view the evidence adduced at the trial the only direct evidence of occupancy of any portion of the strip in question is that a culvert extended 26 feet south of the section line which would place one end of it approximately 15 inches onto the strip in question; that it was in place there prior to 1939. The evidence further discloses that a drainage ditch into the culvert was maintained which would indicate that a portion thereof would extend onto the strip in question; that old fence line was far enough south of the culvert to permit driving a tractor between it and the fence; that the old irregular fence, strung from tree to tree, was located some 35 to 38 feet south of the section line; that the plaintiff, at irregular intervals, maintained the bar ditch and mowed the weeds; that the bottom of the ditch is 21 feet south of the section line, but that the ditch must be a sufficient distance from the fence to permit back sloping; that in 1950 the defendants ratified, affirmed and adopted plaintiff's grant of a permit to a water development company to place a line in the right of way; that a right of way book compiled prior to 1946 showed the right of way along east 31st street adjacent to defendants' land to be 35 feet as improved.

The record is devoid of any evidence from which, even by inference, it might be inferred that plaintiff was in possession of the strip in question under a claim of right or under color of title. The most that may be said is that a culvert extended approximately 15 inches onto said strip; that the bar or drainage ditch and the back slope thereto along the south side of said roadway, maintained at irregular intervals by plaintiff, may extend in places onto said strip; that the plaintiff occasionally mowed the weeds along the ditch. There is no evidence of continuous adverse occupancy of the strip in question. The very fact that the defendants acquiesced in the permitting of the laying of the water line along the right of way would be consistent with, and in view of the record in this case by inference indicate, that the portion of the bar ditch on the strip in question, and the occasional mowing of the weeds thereon were with their consent. Board of County Commissioners of Jackson Co. v. Owen, 196 Okl. 538, 166 P.2d 766.

■ Weighing the evidence it is our opinion that the plaintiff failed to sustain the burden of establishing its right to an easement by prescription to the strip in

question. Friend v. Holcombe, 196 Okl. 111, 162 P.2d 1008. The evidence is too indefinite to establish the actual use of the major portion of the strip by the public. Apparently its claim to the strip in question is based upon a right of way book in the County Engineer's office. There is nothing in the record which even by inference indicates upon what information the statements therein are predicated. Certainly there is nothing in the record that established an adverse claim or color of right on the part of the public. The judgment of the trial court is therefore correct.

Judgment affirmed.

DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.