Richard SCHWAB, Cletus Schwab, Robert Schwab, Genevieve Southard and Lorene Eubanks, Plaintiffs in Error,

v.

Lawrence MENZ, Administrator of the Estate of G. A. Menz, deceased, and John Menz and Mary Margaret Menz, Defendants in Error.

No. 39787.

Supreme Court of Oklahoma.

Oct. 23, 1962.

Rehearing Denied Nov. 20, 1962.

Ralph A. Myers, Jr., Myers & Wheatley, El Reno, for plaintiffs in error.

Porta & Weaver, El Reno, for defendants in error.

HALLEY, Justice.

Parties will be referred to as in the trial court.

Baltizer Menz and his wife, Rosa, acquired one hundred and sixty acres of land on June 23, 1898, which was described as the Southeast Quarter of Section 15, Township 12 North, Range 7 West in Canadian County, Oklahoma. They occupied this land for a good many years. They raised a family there. At the time of their occupancy there was a road from their barn to the section line to the south running east and west. It is now a part of the present Highway 66.

Baltizer Menz and wife, Rosa, sold all of the SE¼ of 15–12–17, lying south of the right of way of the El Reno and Oklahoma City Interurban Railway which was fifty-five acres more or less to their son, George Menz. This sale was made on March 8, 1915, for the sum of five thousand dollars.

This same couple sold that part of this same quarter section lying north of the above mentioned interurban railway right of way containing one hundred acres more or less, to Victor Schwab, their son-in-law for forty-five hundred dollars on the 2nd day of August, 1918.

The right of way for the interurban line (a hundred foot strip through the quarter section) was sold prior to the sale to George Menz and the line was abandoned in 1946.

After this, the north half of this right of way went to Victor Schwab and the south half to George Menz.

It appears that after Victor Schwab purchased the land from his father-in-law this road that goes north from Highway 66 by the George Menz home jogged forty feet to the east at the interurban right of way and then went on north to the Victor Schwab home.

The road north of the Menz property was used by the Schwab family, their friends and relatives and that part across the Menz property to the south was used by the same people and also the George Menz family but at no time was it ever designated as a public road.

There was testimony to the effect that George Menz objected to members of the Schwab family using this road across his land and that the Schwabs continued to use it without getting anyone's permission to do so.

· There were gates across this roadway at different places at different times and also a cattle guard. Among the places noted, one was at the section line and another at the interurban line.

There is no question but that a road ran from the Schwab property across the Menz property to Highway 66 and that it was used by members of the Schwab family for more than fifteen years.

The question to be determined is whether the occupancy by the Schwabs was adverse or permissive.

The plaintiffs rely on two cases to sustain their position. They are Liggett v. Peck, 197 Okl. 74, 168 P.2d 622 and Seaman v. Chesnut, 180 Okl. 582, 71 P.2d 965. In our opinion neither of these are controlling here because of the difference in facts. In Liggett v. Peck, supra, land was divided up into acreage and certain strips of land were set aside for use as a public way and were used by the public generally. The use was not primarily for the benefit of the family and their visitors as in the case at bar.

In Seaman v. Chesnut, supra, there was a road on the half section line. There was evidence that owners of land in this agreed among themselves to recognize and maintain the half section as a public highway. It had been used by the public for forty years. There was considerable evidence that the road was considered and treated as a public highway.

It is to be remembered that in the case at bar the roadway was for the convenience primarily of the Menzes and the Schwabs and was not for the general use of the public.

The Schwabs at no time prior to this action claimed that their use of this roadway was adverse to that of George Menz. No easement was contained in the deed when Victor Schwab purchased the land from Baltizer Menz. George Menz permitted the Schwabs to use it and we can find no evidence of adverse user. Apparently as long as the Schwabs occupied the north one hundred acres George Menz was perfectly willing that they use the road but he did not want other people to use it who he did not know so well. We find no fault with the judgment of the trial court that the use by the Schwabs was permissive.

We think the case of Irion v. Nelson, 207 Okl. 243, 249 P.2d 107, is controlling here. In that case as well as the case at bar the evidence indicated that the first use of the roadway by others than the owner was permissive. In that case also gates were erected which travellers opened and shut and, as here, were for the purpose of keeping cattle from getting out of the pasture.

▮ We think the trial court was fully justified in finding that the original use of the road under consideration by us was permissive and never became adverse. The testimony that George Menz had taken away the permission to use the road here before 1950 was very sketchy.

▮ It is to be remembered in this case that these litigants and their parents were relatives and visited between each other frequently. The burden was upon the

plaintiffs to prove the acquisition of the use of the roadway by prescription.

This was a case of equitable cognizance and it was our duty to review and weigh the evidence and to affirm the judgment of the trial court unless its judgment was clearly against the weight thereof.

We find that the judgment should be affirmed.