TELFORD et al. v. STETTMUND.

No. 34384. July 17, 1951.

Rehearing Denied Sept. 11, 1951.

*235 P. 2d 692.*

P. D. Erwin, Chandler, for plaintiffs in error.

Embry & Sutton and Walter G. Wilson, Chandler, for defendant in error.

WELCH, J. Stella Lou Stettmund commenced this action against J. H. Telford, Jr., and Merle Telford to es-

tablish and quiet title to an easement or right of way across certain lands owned and occupied by the defendants, and to enjoin obstruction and interference with the use of said right of way.

In petition the plaintiff alleged ownership of the northwest quarter of a certain section of land, and that the southwest quarter of said section is owned by the defendant J. H. Telford, Jr., and occupied by the defendant Merle Telford, as tenant; that plaintiff is the owner of an easement and road right of way 20 feet in width over and across the extreme east side of said southwest quarter by virtue of the open, visible, adverse, exclusive and continuous use thereof by said plaintiff and her predecessors in title for the continuous period since 1902 as a roadway and means of ingress and egress to the lands of the plaintiff; that since a certain recent date the defendants have placed and maintained a locked gate across said roadway and right of way; that plaintiff, unless said obstruction is opened or removed, is without means of ingress and egress to her lands and will suffer irreparable injury and damage.

The defendant filed a general demurrer to the petition, which demurrer was by the court overruled.

The defendants filed answer containing a general denial of the allegations of plaintiff's petition, and alleged that plaintiff and her predecessor had used the roadway across defendants' land only at the sufferance and permission of defendants and their predecessors in title of the lands crossed by said road.

There was little conflict in the evidence. The ownership of the two contiguous tracts of real estate as mentioned in the pleadings was shown. It was shown that plaintiff and her predecessor in title of the northwest quarter tract had used a roadway over the east side of the southwest quarter tract as a way of ingress and egress to the said northwest quarter tract since 1902, until a very recent date when defendants placed a locked gate at the point the roadway intersected the south line of the southwest quarter tract. Since 1902 the southwest tract had been surrounded by fence and since said time the larger portion of the enclosed areas had been used for pasturage. Throughout the time a gateway has been maintained at each end of the roadway across said tract. The defendants and the prior owners of the southwest tract since 1902 have used the roadway as a way of travel in reaching a small cultivated area in the northeast corner of the southwest tract. About 1926 the one in possession of the southwest tract placed a lock on the north gate and furnished a key to the then owner of the northwest tract. The lock was kept on the gate for several months. The owner of the northwest tract rented said tract to the owner of the southwest tract for the years 1943, 1944, and 1945, and during those years maintained his residence elsewhere than on the northwest tract. The plaintiff purchased the northwest tract in 1945. The defendant J. H. Telford, Jr., purchased the southwest tract in 1938. After the purchase in 1938 the said defendant moved an old house for use as a granary or hay shed onto the southwest tract and set it in the roadway here involved.

During the time the house remained in the roadway there was the usual use of the roadway by the owners of the northwest tract except for a short driveway around the obstructing house. After purchase of the northwest tract, the plaintiff caused extensive and expensive repairs to be made to the roadway across the southwest tract and in certain instances followed the suggestions of defendants in the making of such improvement. At the north and south entrances of the roadway into the southwest tract the plaintiff put in stock gates consisting of iron rods welded together and laid over concrete walled pits. One of the defendants lost a horse which got its leg caught in the south stock gate. Thereafter the de-

fendants placed a locked wood gate across the roadway and this suit was commenced.

The trial court entered judgment for the plaintiff establishing and quieting her title to a road right of way easement over and across the extreme east side of the southwest quarter tract of land of the defendant, J. H. Telford, Jr., and of a reasonable width, and further decreed that the defendants be enjoined from obstructing said right of way and otherwise interfering with the use thereof under the certain conditions of user by the plaintiff, as was set forth.

Defendants contend the court erred in overruling their demurrer to the plaintiff's petition in that plaintiff alleges that defendants were in possession and owners of the land upon which the roadway was located, and plaintiff by her action seeks to obtain title by injunction without first establishing her title by an ejectment suit. Reference is made to the rule that injunction is not a proper remedy for the trial of issues as to the title or right of possession of property.

In her petition plaintiff claimed an easement to the roadway by reason of open, visible, adverse, exclusive and continuous use thereof by plaintiff and her predecessor in title for a period of over 40 years as a means and way of egress and ingress to the plaintiff's lands.

It is well settled in this state that the continuous adverse use of a way over the land of another for a period of 15 years will ripen into an easement. In such use for 15 years the law raises a presumption of grant of easement. Clearly, the enjoyment of such easement may be protected by injunction. Johnson v. Whelan, 171 Okla. 243, 42 P. 2d 882; Seaman v. Chesnutt, 180 Okla. 582, 71 P. 2d 965; Friend v. Holcombe, 196 Okla. 111, 162 P. 2d 1008, and Liggett v. Peck, 197 Okla. 74, 168 P. 2d 622.

When a petition contains allegations of facts sufficient to entitle plaintiff to relief, either in law or in equity, it is good as against a general demurrer. Thomas v. Morgan, 113 Okla. 212, 240 P. 735.

Defendants assert the plaintiff failed to produce sufficient evidence to establish adverse or exclusive possession against the owner.

Hereunder reference is made to the evidence which showed the land of the defendant, the southwest quarter tract, had been fenced and used for pasture and agricultural purposes at all times, and that defendants and prior owners used the road in question in going to and from a small cultivated field in the northwest corner of the southwest tract and that gates had been maintained at the ends of the road crossing the southwest tract. Friend v. Holcombe, supra, is cited, wherein it is held:

"A mere permissive use of a way over the land of another, however long indulged in, will not ripen into an easement."

In the Friend case, we said:

"The question as to whether the use of the land of another is permissive is often difficult and in many instances is based on the facts and circumstances of the individual case. The prevailing rule is that where a claimant has shown an open, visible, continuous and unmolested use of land for the period of time sufficient to acquire an easement by adverse user, the use will be presumed to be under a claim of right, and the owner of the servient estate, in order to avoid the acquisition of an easement by prescription has the burden of rebutting this presumption by showing that the use was permissive. 17 Am. Jur. 981; 19 C. J. 959. This rule, however, appears to be elastic and the proof of adverse user, to create prescriptive right to passway that traverses uninclosed lands, must be much more convincing than proof required to establish same right when passway traverses clear or inclosed land. Evans v. Bullock, 260 Ky. 214, 84 S. W. 2d 26. The reason supporting this latter rule is that few owners of uninclosed land pay any attention to the travel over it, but when there is much travel over

inclosed or cultivated land it is, as a rule, a serious inconvenience as well as a source of annoyance to the owner and as to the latter status it will be presumed that the use was with the knowledge of the owner, and that if he permits its use for the requisite period without attempting to interfere, his action will be taken as his implied consent thereto, while the mere fact that he permits the public to travel at liberty through unimproved lands might not raise any presumption of a grant."

Herein, there was evidence to show an open, visible, continuous and unmolested use of the roadway across the southwest quarter tract by the plaintiff and predecessors in title for a period of time sufficient to acquire an easement by adverse user. In this there arises the presumption that the use was under a claim of right. The fact that the lands were enclosed lends strength to the presumption. The existence of the gates does not appear to have interfered with the use of the roadway by the plaintiff and her predecessor in title, nor does it appear in the manner of the use of the roadway by the defendants that there was an interference as amounts to a disturbance of the right to continue the use of the passageway by plaintiff and predecessor.

Defendants direct attention to evidence that a tenant of the owner of the southwest quarter tract, after an instance when livestock had strayed from the enclosed tract, placed a lock on one of the gates, also that the owner of the tract in 1938 moved a small house on the roadway where it remained for several years. It is suggested that these facts show interruption of user by plaintiff's predecessor as to destroy any claim of a prescriptive right. The evidence shows that plaintiff's predecessor was furnished a key to the lock and continued his usual use of the roadway without any serious inconvenience, and that he continued as usual in use of the roadway after the house was located thereon except for a short driveway around the house. Under all the circumstances these acts in refer-

ence to the lock and the house do not necessarily evince an intention of the owner of the southwest tract to exclude plaintiff or her predecessor from use of the roadway. Defendants mention evidence showing that plaintiff's predecessor in title to the northwest quarter tract left the tract as a place of residence and rented the tract to the owner of the southwest quarter tract for the years 1943 to 1945 as showing an interruption of user of the roadway. Such fact does not necessarily reflect a discontinuance of use by the owner of the northwest tract, but at most suggests a less frequent use or some change in the nature of the use, for under the evidence the roadway continued to be the only means and way of ingress and egress to the northwest tract.

"The correct rule as to continuity of user and what shall constitute such continuity can be stated only with reference to the nature and character of the right claimed. A failure to use an easement when not needed does not disprove a continuity of use shown by using it when needed. The uninterrupted and continuous enjoyment of a right of way necessary to constitute adverse possession does not require the use thereof every day for the statutory period, but simply the exercise of the right more or less frequently according to the nature of the use. It must be without objection on the part of the owner of the land and under such circumstances as to exclude the presumption of voluntary abandonment on the part of the person claiming the easement." 17 Am. Jur. Easements, §60.

From our examination of the record, we are of the opinion, and hold, that the trial court's conclusion that the use of the way over defendants' land by plaintiff and her predecessor in interest was adverse and continuous for the statutory period, is sustained by the evidence and is not clearly against the weight thereof.

The judgment is affirmed.

LUTTRELL, V. C. J., and CORN, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., dissents.