**Will HERVEY, Plaintiff in Error,**

v.

**BOARD OF COUNTY COMMISSIONERS OF BRYAN COUNTY, Oklahoma,**
Defendants in Error.

No. 39732.

Supreme Court of Oklahoma.

Dec. 11, 1962.

Priscilla W. Utterback, Durant, for plaintiff in error.

Wallace W. Gates, County Atty. for Bryan County, Durant, for defendants in error.

BLACKBIRD, Vice Chief Justice.

Since the year 1915, there has been a public road extending south from the Town of Mead, in Bryan County, Oklahoma, toward a point now inundated by a part of Lake Texoma. During all of the period between that year and the year 1933, this road's course followed generally the section line between Section 1, Township 7 South, Range 7 East, and Section 6, Township 7 South, Range 8 East. In November, 1933, when plaintiff in error (hereinafter referred to as defendant), after living as a tenant on a farm (now owned by Mr. Brown) situated along the western side of this road in said Section 1, purchased the 51¼-acre farm directly across this road, in the NW¼ of Section 6, supra, where he still lives, the road's maintenance had been somewhat neglected, and, by reason of its traffic's following changing trails over it, to avoid mudholes and rough places that appeared from time to time, the road's course had become so meandering that in some places it traversed a strip of land as wide as 100 feet.

Several years after defendant purchased his farm, he constructed a crude fence, some distance east of the farm's western boundary, principally by attaching a single strand of wire to a row of trees extending north and south on an embankment overlooking the road. The purpose of the fence was merely to form an enclosure for some livestock he had acquired.

During January, 1961, defendant tore down this crude fence, and thereafter, through Bryan County's Commissioner Franklin, procured the services of the County Surveyor to survey, and stake out, the true western boundary of his farm. Later, after defendant had already started erecting a new fence, 17 feet east of this line, and it had become obvious that such fence would stand, or encroach, upon and partially encompass, the road bed in several places, defendant in error commenced the present action, as plaintiff, on April 13, 1961, to enjoin and restrain defendant from continuing said project. Plaintiff's position

was that defendant's contemplated enclosure of part of the road bed with such new fence would be illegal, and have the effect of narrowing the road to the extent of rendering it hazardous for public travel.

Upon the filing of plaintiff's petition, the court granted a temporary injunction until further order of the court, and fixed the date for hearing plaintiff's application for a permanent injunction. Before the hearing, defendant filed a motion to dissolve the temporary restraining order and to dismiss the action, alleging, inter alia, his recognition that, under Oklahoma Statutes, all section lines may be kept open for public highways, but denying that Bryan County has ever acquired a right-of-way over his property for the road involved, and expressing his willingness to give the County an easement over his property 17 feet wide for a straight, new, road coinciding with, and/or paralleling, the section line. He further alleged that he had made arrangements with Mr. Brown and with Mr. Briscoe, the owners of the two farms opposite his, on the west side of said road, to give the County an easement 17 feet wide across their farms for the same purpose, so that there would thus be provided enough right-of-way for a new section line road at least 33½ feet wide.

In addition to certain facts already related, and others unnecessary to mention, the testimony at the hearing showed that at, or about, the time that the aforementioned restraining order was served upon him, defendant had already erected, parallel to, and 17 feet east of, his farm's western boundary line, part of a proposed new fence, traversing the distance from his residence, north to the farm's northwest corner. Plaintiff testified, among other things, that the deed evidencing his title to his farm contained no provisions for a reservation, exception, or easement for a section line road. He further testified, however, that, when he purchased the farm, he knew that the road traversed a strip of land across the farm's western side, but he represented that the public was allowed to continue traveling over it, with his consent.

At the close of the hearing, the court continued the temporary restraining order, while taking under advisement plaintiff's application for a permanent injunction, and three days later, entered judgment in plaintiff's favor, on the basis of certain findings of fact and conclusions of law. In his conclusions, the court cited, among other sections of the Oklahoma Statutes and decisions of this court, Tit. 69 O.S.1951 § 1, designating all section lines in this State, "public highways", and prohibiting such "highways" from being less than 33 feet wide. Said court concluded:

"* * * that if the said defendant, Will Hervey, is permitted to move his fence and to maintain his fence into the aforesaid right-of-way and said road which would leave the road approximately twenty-four feet wide that it would be in violation of the laws of the State of Oklahoma Supra, and that the temporary injunction should be made permanent restraining the said defendant, Will Hervey, his assigns, agents, and employees from building any fence or using any part of said right-of-way and road as it has been for the past fifteen years and longer and as said road has been established by prescription.

"*Nothing herein shall be deemed to prohibit the said defendant from repairing or rebuilding his fence on his own property*, but he should not encroach upon said right-of-way or road which has been established by prescription for a period of more than fifteen years, and that any fence or obstruction placed in said road shall be by the proper officers removed in accordance with Title 69, O.S., Section 325, which is in reference to obstructions in any county road or highway." (Emphasis ours.)

In his judgment, the court enjoined:

"* * * defendant, Will Hervey, his assigns, agents, servants, employees, and all persons acting by or under his authority, from moving and placing any fence or obstruction over into the right-of-way and road traversing *the full length* of his property * * *". (Emphasis ours.)

From the above described judgment, defendant has lodged the present appeal, urging reversal under his Propositions "A" and "B".

■ Under his "Proposition A", defendant points to the wording of the hereinbefore mentioned temporary, and first, court order enjoining and restraining him from "moving" his fence until further order of the court, and to the undisputed evidence showing that he had taken down the old single-strand fence in January—more than two months before this order was entered; and he represents the evidence as showing he had "completed" erecting the new fence the day before plaintiff's petition was filed and said temporary order was entered. He infers that the court had no power to prevent him from taking down the old fence, which was wholly on his own property (and several feet east of the road's right-of-way). Defendant argues that the court's order was also ineffective as to erection of the new fence, because said court could not enjoin the doing of a thing that had already been done. We agree that no authority of the trial court was invoked in this case to prevent defendant from razing, taking down, or demolishing the crude, old, fence, but we do not interpret its final order and/or judgment (the only one that is in issue in this appeal from it) as purporting to prevent that. (See the italicized portion of the first-quoted excerpt from said judgment, supra.) Nor do we agree that in the latter adjudication, the court is attempting to prevent a thing that has already happened. While defendant may be correct in his analysis of the evidence as to erection of that part of the new fence north of his house, the evidence, as a whole, cannot be held to support his claim that, at the time the judgment was entered, he had "completed"

the fence. It does show, however, that if he had taken the necessary steps *to continue* its construction, or to extend it, south of his house, the fence would extend farther into the present road right-of-way, encompass the bar ditch along the right-of-way's east side, and cost the County considerable construction expense in building a properly-drained new road bed. Thus the court's judgment did not attempt a vain, and meaningless, thing since it enjoined defendant from placing a fence in the right-of-way *the "full length"* of his property. We therefore conclude that defendant's "Proposition A" is largely abstract, does not apply to the particular, proven, facts of this case, and presents no ground for reversal.

In his "Proposition B" defendant asserts that plaintiff did not prove the county's adverse possession of, or right to, a prescriptive easement for, the right-of-way—as he contends plaintiff was under the burden of doing. His counsel cites Cornelison v. Flanagan, 198 Okl. 593, 180 P.2d 823, and quote from City of Hollis v. Gould, 190 Okl. 335, 123 P.2d 241, both of which cases were cited in the trial court's judgment. Counsel says the Cornelison Case is distinguishable from the present one by reason of its facts, and she evidently intends that her quotations from the City of Hollis opinion be applied to defendant's testimony that, since he has owned the farm involved, the public's use of the section line road has been permissive. It appears to be the defense position that, because of such testimony, plaintiff failed to prove the requisite of "adverse possession", necessary to establishing an easement for said road by prescription. On the basis of Irion v. Nelson, 207 Okl. 243, 249 P.2d 107, a quotation from 17 Am.Jur., "Easements", section 72 (superseded by the new volume 17A of American Jurisprudence), and other authorities, defense counsel appears to be of the opinion that it was plaintiff's burden to overcome such testimony, aided by a presumption that the public use of the road was permissive, rather than adverse. We do not agree. Most of the authorities defense counsel cites show that they do not apply to a public road established (not with the consent of the complaining land owner) long before the landowner's acquisition of the property, as was this case. Here, the uncontradicted evidence supports the trial court's finding and conclusion that the section line road involved was truly a "public", and "through", road (rather than being used only by a few neighbors) at least fifteen years before defendant acquired his farm. There was no evidence that the road's use *originated* "by permission or license"; and therefore plaintiff did not have the burden of showing any change in character of its use (from "permissive" to "adverse"). After having carefully examined the record, and the arguments presented, it is our opinion that defendant has demonstrated no valid ground for reversing the judgment appealed from. Said judgment is therefore affirmed.

