1999 OK CIV APP 47

Michael D. JAMES and Danielle Boschert, Plaintiff/Appellants.

v.

BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE, Tim Cook, Janice Cook, Monty Reel, and Lagneia Reel, Defendant/Appellees.

No. 90,080.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 29, 1998.

Rehearing Denied Dec. 8, 1998.

Certiorari Denied Feb. 10, 1999.

Mack M. Braly, Broken Arrow, Oklahoma, For Appellants.

Barrett Harris, Stilwell, Oklahoma, For Appellees.

*OPINION*

Opinion by CAROL M. HANSEN, Judge:

¶ 1 In an action for an injunction filed by record title owners (Owners) of certain property, the trial court found the public had acquired a prescriptive right to use Cottontail Lane, a road running through Owners' property, and denied their prayer. Owners appeal and we affirm.[1]

¶ 2 It is undisputed that prior to Owners acquiring title to the property, the road had been used for more than 15 years by persons coming from and going to property on and at the end of the road. Owners claim that use was permissive only. Thus, they point out, no adverse possession rights accrued.

¶ 3 Owners filed this action against the Board of County Commissioners of Muskogee County and two other property owners. In Owners' petition they claim Defendants Monty Reel and Tim Cook[2] were using the road without their permission. Owners also alleged the County Commissioners had used the roadway and made modifications to it without their consent. They sought a permanent injunction restraining and enjoining all defendants from use of the road.

¶ 4 Commissioners answered, admitting they had no recorded title to the road but claiming it had been open for travel by the public for over forty years. They filed a counterclaim asking that title to Cottontail Lane be granted to the people of Muskogee County.

¶ 5 Reel and Cook answered, claiming the road had been used as access to their property by their predecessors in title for a period more than 15 years. They claimed they have no other access to their homes and are entitled to a prescriptive easement over Owners' lands via Cottontail Lane.

¶ 6 The trial court heard extensive testimony. Based on the testimony, it found the use had been adverse, not by permission, and thus entered its order.

¶ 7 This action sounds in equity. If we apply the equitable standard of review correctly, we must affirm even though the evidence would have allowed a different result, unless we determine the trial court's decision is clearly against the weight of the evidence. In an action of purely equitable cognizance it is for the trial court to determine the credibility of the witnesses and the weight and value to be given their testimony. *Matter of Estate of Lovely, Fortune v. Lovely*, 1993 OK CIV APP 3, 848 P.2d 51.

¶ 8 Owners claim there was not sufficient evidence to show the public, as opposed to the individual residents who lived at the end of the road, ever made sufficient use of Cottontail Lane to acquire an easement by prescription. They claim the use is now, and has always been, with permission of their predecessors in title. However, this presumption is unsupported by actual evidence.

¶ 9 Except for a few years, the county has maintained the road, installed culverts, constructed water ditches, and widened and graveled it. Owners submit the trial court erred in admitting testimony to this effect. Although it is not enough simply to show the county has made improvements to the road, *Zimmerman v. Newport*, 1966 OK 42, 416 P.2d 622, it is certainly relevant as evidence supporting Defendants' claim the road is a public one. The trial court may decide its probative value.

¶ 10 Defendants also presented testimony there once was a sawmill off the road which was used by wood haulers. Testimony also reflected continuous commercial use of Cot-

---

1. Mr. Harris is defending this appeal on behalf of Tim and Janice Cook. Although at trial the Cooks took the alternative position they acquired a personal easement of the road, they do not pursue this on appeal, but rather take the position the trial court was correct in finding a public easement by prescription.

2. Owners later joined Reel and Cook's wives as parties defendant.

tontail Lane by others including salespersons, campaigners and non-residents of the area. There is no evidence any previous owner of the property ever objected to or attempted to restrict use of Cottontail Lane by anyone. A previous owner put up fences on either side of the road in 1977, for all practical purposes enclosing his lands on either side of the road.

¶ 11 Both parties cite *Irion v. Nelson,* 207 Okla. 243, 249 P.2d 107 (1952) in support of their position. In that decision, suit was brought to enjoin the defendant from maintaining obstructions across a road which traversed his farm, on the ground an easement by prescription had arisen. The Supreme Court found construction and maintenance by a landowner of the gates, and bars across the road traversing the land constituted evidence indicating the owner intended to assert ownership and control of the land included in such road, and that the public's use was permissive only. It also held proof of adverse use, to create a prescriptive right to a road traversing *uninclosed* land must be much more convincing than proof required to establish the same right when the road traverses clear or *inclosed* land.

 ¶ 12 Testimony clearly reflects use by the public for the required period of time. The burden of proof is on one claiming an easement by prescription, but the burden is shifted to the opposite party where there is a showing of open, visible, continuous and unmolested use of a roadway for a sufficient time to acquire an easement by adverse use. *Mefford v. Sinclair,* 1993 OK CIV APP 95, 859 P.2d 1127. Under this rule, the use will be presumed to be under a claim of right and the owner of the servient estate must rebut the presumption of easement by showing that the use was permissive. *Telford v. Stettmund,* 205 Okla. 86, 235 P.2d 692 (1951).

¶ 13 Here there is a cattle guard at the beginning of the road with a gate that apparently is never closed. In *Telford,* the Supreme Court found gates did not necessarily evince an intention of the owner to preclude use of the roadway, and that "continuous" use meant only the exercise of the right more or less frequently according to the nature of the use. *Telford,* at 696. Therefore, there

was no burden on Defendants to show a change in the character of its use from permissive to adverse in that there was no evidence the road's use originated by permission or license. *Hervey v. Board of County Commissioners of Bryan County,* 1962 OK 266, 377 P.2d 56. The trial court's finding use of Cottontail Lane by the public for more than the required 15 years created a prescriptive right to use the road is not clearly against the weight of the evidence.

 ¶ 14 We do agree with Owners' final argument. The trial court's order does not state with particularity the description or dimensions of the road. If a judgment purports to transfer real property, it must describe the particulars of that estate in sufficient detail that all will know its bounds. *Brown v. Mayfield,* 1989 OK CIV APP 32, 786 P.2d 708. We therefore remand with directions to the trial court to determine the precise location and width of Cottontail Road.

 ¶ 15 In their supplementary appeal and amended petition in error, Owners submit the trial court erred in its later clarification order. That order gave the County Commissioners authority to do minimal upkeep pending the appeal by maintaining Cottontail Lane as it maintains other county roads in regard to necessary road grading, and, on request of any public agency using the road, it may trim bushes and trees that actually impede or interfere with the travel of the public. It required the County Commissioners give a 10 day notice to Owners prior to trimming of shrubs or trees abutting Cottontail Lane. Owners filed no supersedeas bond or otherwise obtained a stay of this order pending appeal. However, it was error for the court to allow trimming of trees and bushes without specifically describing the boundaries of the easement, and that supplementary order must be reversed.

¶ 16 AFFIRMED IN PART, REVERSED IN PART AND REMANDED with directions to the trial court.

ADAMS, J., and BUETTNER, P.J., concur.